IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FT. PIERCE DIVISION

CASE NO. 24-14336-CIV-MARTINEZ/MAYNARD

DANIEL PORTER, individually, and
MARITIME RESEARCH & RECOVERY, LLC,

        Plaintiffs,

v.

CARL ALLEN, individually, and
ALLEN EXPLORATION, LLC,

        Defendants.
_____/

## DEFENDANTS' MOTION TO TRANSFER VENUE
## AND MEMORANDUM OF LAW

Defendants Carl Allen and Allen Exploration, LLC ("AEX"), by their undersigned counsel, and hereby move to transfer this action pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Northern District of Texas, Dallas Division. In support thereof, Defendants submit this memorandum of law.

## INTRODUCTION

This is primarily a breach of contract action between Plaintiffs Daniel Porter and Maritime Research & Recovery, LLC ("MRR") on one side, and Defendants Allen and AEX on the other. All parties are seeking compensatory damages and equitable relief based on the dissolution of their contractual relationships, whereby the Plaintiffs were to provide services to the Defendants in The Bahamas, and the Plaintiffs have unlawfully retained the Defendants' trade secrets and other confidential information since the termination of the parties' agreements to provide services in The Bahamas.

On November 13, 2019, the parties entered into two written agreements governing their relationship, a "Services Agreement" and a "Confidentiality Agreement." ECF No. 1-07 and ECF No. 7-01. Both agreements contain mandatory choice of law and choice of venue provisions expressly providing for the application of Texas law and the exclusive venue for any disputes arising from the agreements to be in the state or federal courts in Dallas County, Texas. ECF No. 1-07 at ¶ 8(b); ECF No. 7-01 at ¶ 8.

These choice of venue provisions, bargained for by four parties experienced in business on a national and international scale, forming a business relationship worth millions of dollars, could not be more clear. Nor could they be more clearly enforceable. *See Atlantic Marine Constr. Co. v. U.S. Dist. Court for Western Dist. of Tex.*, 571 U.S. 49 (2013). Accordingly, the Defendants move to transfer this action to the federal court in Dallas, Texas pursuant to 28 U.S.C. § 1404(a).

## FACTUAL BACKGROUND

Plaintiff Porter claims he is a resident of Florida [ECF No. 1-01 at ¶ 4], although he primarily resides in The Bahamas. ECF No. 1-07 at p. 5. Plaintiff MRR is a Delaware Limited Liability Company with its registered address in Wilmington, Delaware. ECF No. 1 at ¶ 10; ECF No. 1-08. MRR has never been legally registered to do business in Florida. ECF No. 1-09.

Defendant Allen is a successful businessman and philanthropist who resides in Dallas, Texas and The Bahamas. ECF No. 7 at p. 20, ¶ 4; ECF No. 1 at ¶ 5; ECF No. 1-07 at p. 5. Although he occasionally visits his mother in Florida and stays at her home, Mr. Allen lives in Texas, votes in Texas, and he holds a Texas Driver's License. ECF No. 1 at ¶ 5; ECF No. 1-10.

Defendant AEX is a Texas limited liability company.  ECF No. 1-06 at ¶¶ 6 and 8; ECF No. 1 at ¶ 11; ECF No. 1-4.  At all times material hereto, AEX has conducted business in Texas and The Bahamas.  ECF No. 7 at p. 3, ¶ 9 and p. 18, ¶ 5.

In November 2019, the parties entered into two agreements whereby Porter and MRR would join Allen and AEX ongoing efforts to search for and recover artifacts from the shipwreck of the *Maravillas*, a Spanish galleon sunk in The Bahamas in 1656.  ECF No. 1-6 at ¶¶ 11, 28-35; ECF No. 7 at p. 20-21, ¶¶ 13-18.

On November 13, 2019, the parties entered into a "Services Agreement" which states, in pertinent part:

> 8(b) "Governing Law; Exclusive Jurisdiction; Waiver of Jury Trial"
>
> This Agreement and all acts and transactions pursuant hereto and the rights and obligations of the parties hereto will be governed, construed and interpreted in accordance with the laws of the State of Texas, without giving effect to principles of conflicts of law. Each party to this Agreement (a) hereby irrevocably submits to the exclusive jurisdiction of the state and federal courts located in Dallas County, Texas for the purposes of any suit, action or proceeding arising out of or relating to this Agreement or any of the transactions contemplated hereby, and (b) hereby waives and agrees not to assert in any such suit, action or proceeding, any claim that it is not personally subject to the jurisdiction of such court, that the suit, action or proceeding is brought in an inconvenient forum or that the venue of the suit, action or proceeding is improper.

ECF No. 1-07 at p. 5.

On November 13, 2019, the parties also entered into a separate "Confidentiality Agreement" specifying their rights and obligations with respect to information provided and obtained during the salvage of the wreck of the *Maravillas*.  This agreement states, in pertinent part:

> 8. Governance. This letter agreement shall be governed by, and construed in accordance with, the laws of the State of Texas without giving effect to the principles of conflict of laws thereof. Each Party hereby irrevocably and unconditionally consents to personal jurisdiction in, and agrees that exclusive

> venue for any action to enforce the provisions of this letter agreement shall be properly laid in, any federal or state court located in Dallas County, Texas, and service of any process, summons, notice or document by U.S. registered mail to its address set forth below shall be effective service of process for any action, suit or proceeding brought against such Party in any such court. Neither Party shall plead or claim that any such action, suit or proceeding has been brought m an inconvenient forum, and neither Party shall commence any action, suit or proceeding in connection with this letter agreement and the transactions contemplated hereby except in such courts.

ECF No. 7-1 at ¶ 8.

According to the plain language of both of these agreements, jurisdiction and venue properly lie in Dallas County, Texas. Notwithstanding the existence of these bargained for agreements, the Plaintiffs have failed to honor the governing law and venue provisions by filing their Complaint in state court in Florida. *See* ECF No. 1-6 (Compl.). Indeed, the allegations in the Complaint seemingly bend over backwards to make it appear that jurisdiction is proper in Martin County, Florida without ever mentioning the existence of the parties' written agreements. *Id*. at ¶¶ 4-9, 12-16, 45 and 47. Plaintiffs even shave off a year from their relationship and vaguely refer to oral agreements beginning in 2020 and 2021, while they recite specific months and years for other alleged occurrences that are less critical. *Id*. at ¶¶ 9, 11-13, 19-26, 29-33, 38 and 41. Despite these efforts to obfuscate the record, the evidence is clear that the parties' relationship began in 2019, it was memorialized in writing in detailed contractual agreements, and these agreements require any dispute arising out of the parties' relationship to be exclusively resolved in Dallas County, Texas. *See* ECF No. 1-07 at p. 5; ECF No. 1-6 at ¶¶ 11, 28-35; ECF No. 7 at p. 20-21, ¶¶ 13-18; ECF No. 7-1 at ¶ 8.

## ARGUMENT

This Court is not the proper forum for this dispute. The only connections this District or, indeed, the State of Florida have to this dispute are the occasional presence of Porter and Mr.

Allen as they transit through on their way to The Bahamas, where the work envisioned by their agreements is to be performed. This work is to be conducted by sophisticated businessmen and companies that are citizens of different states and who memorialized their relationship in detailed written agreements on November 13, 2019. These 2019 agreements have unambiguous and mandatory forum-selection clauses.

Title 28 U.S.C.S. § 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Here, the action could have been brought in Dallas County, Texas, where the Defendants reside and the parties selected Dallas County, Texas as the proper forum. Section 1404(a) provides a mechanism for enforcement of forum-selection clauses that point to a particular federal district, and a proper application of § 1404(a) requires that a forum-selection clause be given controlling weight in all but the most exceptional cases. *See Atlantic Marine*, 571 U.S. at 59-68.

In *Atlantic Marine*, the Supreme Court made clear that federal courts must enforce forum-selection clauses strictly, thereby curbing significantly the grounds that litigants may argue in an attempt to void forum-selection clauses. *See id*. The Court approved a section 1404(a) motion to transfer venue as a means of enforcing a forum-selection clause, but established a much stricter test for the plaintiff opposing transfer than the district court had applied. Specifically, the Court held that "[w]hen the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a §1404(a) motion be denied." *Id*. at 62. This is because:

> The calculus changes, …, when the parties' contract contains a valid forum-selection clause, which "represents the parties' agreement as to the most proper forum." *Stewart*, 487 U.S., at 31, 108 S. Ct. 2239, 101 L. Ed. 2d 22. The "enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." *Id*., at 33, 108 S. Ct. 2239, 101 L. Ed. 2d 22 (Kennedy, J., concurring). For that reason, and because the overarching consideration under §1404(a) is whether a transfer would promote "the interest of justice," "a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Id*., at 33, 108 S. Ct. 2239, 101 L. Ed. 2d 22 (same).

*Id*. at 63.

As a result, the Court held, the existence of a valid forum selection clause alters the usual section 1404(a) analysis in three ways. First, "the plaintiff's choice of forum merits no weight," and the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted. *Id*. at 63. However, where the "parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Id*. at 63-64. Second, a court "should not consider arguments about the parties' private interests;" only public interests (which will rarely be compelling) may be considered. *Id*. at 63-64. Those public-interest factors, which "will rarely defeat" a forum-selection clause, *id*., include: (1) "the interest in having the trial . . . in a forum that is at home with the law;" (2) "the local interest in having localized controversies decided at home;" and (3) "the administrative difficulties" posed by each forum. *Id*. at 63 n.6 (quotations omitted); *see also Membreno v. Costa Crociere S.p.A.*, 425 F.3d 932, 937-38 (11th Cir. 2005). Finally, "when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a §1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules." *Atlantic Marine*, 571 U.S. at 64-65.

Here, four sophisticated parties came together in 2019 to negotiate detailed agreements governing their relationship in a specialized business transaction. The Plaintiffs gained extremely favorable compensation terms based on their (mis)representations that they had independently obtained detailed and valuable information about the location of the *Maravillas*. In return, the Defendants bargained for and obtained terms to protect themselves if the parties reached a disagreement, including the Texas choice of law and choice of venue provisions. As the Supreme Court recognized in *Atlantic Marine*, a valid forum-selection clause "represents the parties' agreement as to the most proper forum" and the "enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." *Id*. at 63 (citing *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 and 33 (1988)). This Court must transfer the parties' dispute to Dallas County, Texas because this represents the parties' agreement as to the most proper forum, and enforcement of the parties' forum-selection clauses, which are obviously valid, "protects their legitimate expectations and furthers vital interests of the justice system." *Id*. at 63

Furthermore, even if Plaintiffs had not waived the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, the fact is, Texas is either equally convenient of more convenient for the parties and the witnesses. Both Defendants reside in Texas, some of the witnesses who uncovered Plaintiffs' theft reside in Texas, and the remaining witnesses reside in The Bahamas. Only Porter putatively resides in Florida, and barely any of the time.

Also, the public-interest factors weigh overwhelmingly in favor of enforcing the parties' forum-selection clause. Texas has an interest in having the trial in a forum that is at home with the law, particularly where the parties have selected Texas law as the governing law,

and the Defendants are citizens of Texas. *See LeBlanc v. C.R. England, Inc.*, 961 F. Supp.2d 819, 832 (N.D. Tex. 2013) (A court has local interest when there is a "relevant factual connection between the events and the venue," particularly where a party resides in Texas because its principal place of business is in Dallas, Texas). And, as the Supreme Court recognized, Texas also has "the local interest in having localized controversies decided at home." *Atlantic Marine*, 571 U.S. at 63 n.6 (quotations omitted); *see also Membreno*, 425 F.3d at 937-38. Even though The Bahamas was the place of performance of the parties' agreement, Texas law on the parties' claims is nearly identical to Florida law in all respects, and both forums' contract law is similar to that of The Bahamas.

Finally, there are no administrative difficulties posed by selecting the federal court in Dallas County, Texas as the forum. Although this District is slightly faster in disposing of civil cases, the Northern District of Texas is comparable in the number of civil cases filed and assigned to each judge, and the disposition of cases is not so delayed that it would cause a hardship to any party. *See* U.S. District Courts—Federal Court Management Statistics–Comparison Within Circuit—During the 12-Month Period Ending June 30, 2024 (available at https://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2024/06/30-3, accessed on Oct. 22, 2024).

Plaintiffs are unable to show that enforcement of the parties' forum selection clauses would be "'unreasonable' under the circumstances.'" Courts have identified three circumstances in which enforcement would be unreasonable: (1) "inclusion of the clause in the agreement was the product of fraud or overreaching;" (2) "the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced;" and (3) "enforcement

would contravene a strong public policy of the forum in which suit is brought." *See Richards v. Lloyd's of London*, 135 F.3d 1289, 1294 (9th Cir. 1998)).

As previously noted, Plaintiffs' Complaint does not even mention the parties' own written agreements or the fact that their contractual relationship began in 2019 instead of 2020. This was obviously in an attempt to hide the Texas choice of law and forum-selection clauses from the Court. In choosing to hide the existence of these written agreements in their pleading, Plaintiffs made no attempt to disclose the agreements and then explain how any public-interest factor favors the forum-selection clauses' abrogation. Therefore, Plaintiffs have waived their right to do so. Even if the written agreements had been disclosed in Plaintiffs' Complaint, there are no allegations that the inclusion of the forum-selection clauses in the agreements was the product of fraud or overreaching, or that the Plaintiffs would effectively be deprived of their day in court if the clauses are enforced and the case is heard in Texas instead of Florida.

Finally, Texas courts regularly enforce choice-of-law clauses "unless the chosen law has no substantial relationship with the parties or unless there is a state with a materially greater interest in the dispute *and* applying the chosen law is against fundamental policy of the state with materially greater interest." *Grosser v. Red Mango FC, LLC*, Civ. Action No. 3:12-CV-2691-N, 2013 WL 12134086, *7 (N.D. Tex. April 25, 2013); *see DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 677 (Tex. 1990). Similarly, Florida public policy strongly supports enforcement of mandatory forum selection clauses. *See Espresso Disposition Corp. 1 v. Santana Sales & Mktg. Grp., Inc.*, 105 So. 3d 592, 594-95 (Fla. 3d DCA 2013). Thus, under federal, Texas and (albeit inapplicable) Florida state law, the mandatory forum-selection clause must be enforced and this action transferred to Dallas County, Texas.

Accordingly, this Court should transfer Plaintiffs' action to the United States District Court for the Northern District of Texas, Dallas Division.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the Court grant their motion to transfer this action pursuant to 28 U.S.C. § 1404(a), and enter and Order transferring this case to the United States District Court for the Northern District of Texas, Dallas Division.

Dated this the 23rd day of October 2024

Respectfully submitted,

**CHRISTOPHER F. LANZA, P.A.**
Attorneys for Defendants Carl Allen &
Allen Exploration, LLC
290 NW 165TH Street, P-600
MIAMI, FL 33169
PHONE: (305) 956-9040
FAX: (305) 945-2905
Email: cfl@lanzalaw.com

By: */S/ Christopher F. Lanza*
Christopher F. Lanza
Florida Bar #996009

David G. Concannon (*pro hac vice pending*)
Concannon & Charles, PC
810 Asbury Avenue, No. 203
Ocean City, NJ 08226
Phone: (609) 365-0012
Email: david@davidconcannon.com

Attorneys for Defendants Carl Allen &
Allen Exploration, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, on this 23rd day of October, 2024, and that the foregoing document is being served this day on all counsel of record identified on the attached Service List, via transmission of Notices of Electronic Filing generated by CM/ECF:

Law Office of Richard D. Kibbey, P.A.
Attorneys for Plaintiff
416 Camden Avenue
Stuart, FL 34994
Email: Kibbeylegal@gmail.com

Jason Wandner, P.A.
Attorneys for Plaintiff
100 Biscayne Blvd
#1600
Miami, FL 33132
Email: Jason@Wadnerlaw.com

**CHRISTOPHER F. LANZA, P.A.**
Attorneys for Defendants Carl Allen &
Allen Exploration, LLC
290 NW 165TH Street, P-600
MIAMI, FL 33169
PHONE: (305) 956-9040
FAX: (305) 945-2905
Email: cfl@lanzalaw.com

By: */S/ Christopher F. Lanza*
Christopher F. Lanza
Florida Bar #996009