IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FT. PIERCE DIVISION

CASE NO. 24-14336-CIV-MARTINEZ/MAYNARD

**DANIEL PORTER, Individually, and**
**MARITIME RESEARCH & RECOVERY, LLC,**

**Plaintiffs,**

v.

**CARL ALLEN, Individually, and**
**ALLEN EXPLORATION, LLC,**

**Defendants.**
_____/

**PLAINTIFFS' ANSWER TO DEFENDANTS' COUNTERCLAIMS AND AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL AS TO EACH COUNTERCLAIM**

**I.   AFFIRMATIVE DEFENSES** - Plaintiffs deny each and every Affirmative Defense listed in the Defendants' Answer (1-41).

> ***(Wherever "lack of knowledge" is stated in this Answer to Counterclaims, it stands for Plaintiffs' lack of knowledge or information sufficient to form a belief about the truth of this allegation.)*

**II.         ANSWER TO DEFENDANTS' COUNTERCLAIMS**

1.  Denied that Porter is a "self-described treasure hunter. Balance is admitted.

2.  Admitted that MRR is a Delaware Limited Liability Company; the rest of the statement is denied.

3.  Denied.

1

4. Admitted that Carl Allen is a successful businessman; the rest of the statement denied.

5. Plaintiffs' lack knowledge or information sufficient to form a belief about the truth of this allegation ("lack of knowledge").

6. Admitted that Carl Allen owns Walker's Cay; lack of knowledge as to the rest of the statement.

7. Admitted that Carl Allen has acquired legal residency in the Bahamas; lack of knowledge as to the rest of the statement.

8. Denied as stated.

9. Admitted as to hurricane hitting Bahamas; "lack of knowledge" as to the rest of the statement.

10. Admitted that Mr. Allen and wife took part in relief efforts; n/a as to the rest of the statement.

11. "Lack of knowledge."

12. Denied.

13. Admitted that Carl Allen had an exploration permit; "lack of knowledge" as to the rest of the statement.

14. Admit.

15. Admit.

16. Denied that Porter didn't divulge MRR Business agreement with Spence, denied that Porter individually had agreement with Spence, admitted that MRR had comprehensive agreement as stated with Spence.

17. Denied.

18. Admit that MRR and AEX entered into two contracts (Services Agreement and Confidentiality Agreement), "lack of knowledge" as to the rest of the statement.

19. Admit.

20. Denied.

21. Admit.

22. "Lack of knowledge" as to this statement.

23. Denied.

24. Admit that a division was conducted; "lack of knowledge" as to the rest of the statement.

25. Denied.

26. Admit that Spence sent email, denied that Porter was party to Spence agreement.

27. Admit that email forwarded; denied as to the rest of the statement.

28. Admit Defendants sent letter to MRR terminating "**Services Agreement**" and that Porter acknowledged receipt of the letter. Deny that letter was sent immediately.

29. Admit.

30. Denied.

31. Denied.

32. Denied as to Porter's re-employment status and terms of his employment; "lack of knowledge" as to the rest of the statement.

33. Admit.

34. Denied.

35. Admit that Carl Allen purchased information from the estate of Robert Marx; denied that Porter took all credit for recovered treasure or bragged about his skill and knowledge during such recoveries.

36. Admit that Porter recommended vessels and Carl Allen agreed to that recommendation; deny as to the rest of the statement.

37. Denied.

38. Denied a-j.

39. Admit that meeting was held in July 2024; denied as to the rest of the statement.

40. Admit that Porter did receive written request to destroy confidential information which was refused per advice of counsel. Admit he informed data base contractor not to destroy data. "Lack of knowledge" as to cost to acquire data. Bob Marx information and other items were given to employee of Carl Allen in September 2024.

41. "Lack of knowledge."

42. Denied.

43. Denied.

44. Denied (a-h).

45. Plaintiffs reassert all previous answers as to restated claims.

46. Admit that MRR and AEX entered into Services Agreement - denied as to the rest of the statement.

47. Admit.

48. Admit Porter had authority to bind MRR; denied as to the rest of the statement.

49. Porter not a party to AEX contract, but admit MRR owed a duty of good faith and fair dealing.

50. Admit that Porter owed Defendants a duty of good faith and fair dealing.

51. Denied a-f.

52. Denied.

53. Denied.

54. Denied factually. Prayer for relief improperly pled.

55. Denied.

56. Plaintiffs reassert all answers as to restated claim.

57. Denied as stated; MRR and AEX entered into the agreement.

58. Admit.

59. Admit Porter acted as agent of MRR. Deny legal conclusion stated.

60. Deny that Porter and MRR made materially false statement as to their knowledge of some *Maravillas*' history. Admit that Defendants agreed to pay MRR and Porter 30% share of artifacts recovered by Carl Allen or AEX from division of artifacts with the Bahamian government.

61. Denied.

62. Denied that materially false statements made by Porter or MRR, admit balance of statement.

63. Denied.

64. Denied.

65. Admit approximate value of conveyance was $400,000; denied as to the rest of the statement.

66. Denied – legal conclusion statement.

67. Plaintiffs reassert all previous answers as to restated claim.

68. Denied as stated, but admit MRR and AEX entered into this Confidential Agreement.

69. Denied; Defendants have waived certain parts of agreement by raising permissive Counterclaim in this case.

70. "Lack of knowledge."

71. Admit "**Services Agreement**" terminated between MRR and AEX on Augustt 18, 2021.

72. Admit Porter acknowledged receiving Termination of Services Agreement. Denied as to the rest of the statement.

73. Admit that Porter and MRR terminated by Defendants in July 2024. Deny balance of statement.

74. Denied.

75. Admit MRR signed confidentiality agreement. "Lack of knowledge" as to the rest of the statement.

76. A) Admit that it took years and substantial money to compile confidential data; denied as to the rest of the statement. B) Denied that MRR or Daniel Porter violated confidentiality agreement. Balance denied as legal conclusion.

77. Denied.

78. Denied.

79. Denied.

80. A) Denied a-c. - 80(B) Plaintiffs reassert all previous answers as to restated claims

81. Denied.

82. Admit.

83. Admit.

84. Denied.

85. Denied.

86. Denied.

87. Denied – legal conclusion.

88. Admit.

89. Admit.

90. Denied – Plaintiffs reassert all previous answers as to restated claims.

91. Denied.

92. Denied a-j.

93. Denied.

94. Denied: Counter Defendants Daniel Porter and MRR deny that Carl Allen or AEX have any right of recovery as to any of the Counter Defendants. Accordingly, Counter Plaintiffs' Counterclaims should be dismissed and the Court should enter judgment in favor of Daniel Porter and MRR.

### III    REQUEST FOR JURY TRIAL

Counter Defendants Daniel Porter and MRR request a jury trial as to each Counterclaim raised against them.

### IV    PLAINTIFFS' AFFIRMATIVE DEFENSES

1. Defendants' Counterclaim Complaint fails to state a claim upon which relief can be granted.

2. Defendants' Counterclaim Complaint fails to state facts sufficient to plead a cause of action for breach of contract, fraud inducement, replevin or unjust enrichment.

3. Defendant AEX lacks standing or capacity to maintain the instant causes of action.

4. Defendants, either in whole or in part, caused the injury, incident and damages alleged in the Plaintiffs Counterclaim; and that these acts, omissions, or negligence are not attributable to Plaintiffs, as a matter of law.

5. If Plaintiffs are liable, which is denied, any damages recoverable against Plaintiffs must be reduced to the extent of the damages caused to Plaintiffs by the Defendants' acts and omissions, as alleged herein.

6. Any injury or damage sustained by Defendants was proximately caused by the negligence, acts and omissions of Allen and AEX, in that they did not exercise ordinary care in its management of the salvage efforts and therefore their claims should be barred.

7. Fraud – The Defendants entered into all agreements with the Plaintiffs intending to eventually violate each agreement as Defendants had done with other treasure salvors.

8. Defendants were on full notice of potential claims of Mr. Spence regarding the *Maravillas* and chose to ignore such notices.

9. Defendants failed to request erasure of confidential information until after this lawsuit was filed.

10. The injuries and damages allegedly suffered by Defendants were not caused by the act or acts of any person for whose conduct Plaintiffs are legally responsible.

11. Plaintiffs are not liable for damages claimed by Defendants because they resulted from superseding and intervening causes, including the negligent acts and omissions of Carl Allen and AEX.

12. Plaintiffs reserve their right to amend these Affirmative Defenses, or add additional Affirmative Defenses, to reflect matters learned in discovery.

13. Plaintiffs reserve their right to list other culpable, non-named Plaintiffs pursuant to *Fabre v. Marin,* 623 So.2d 182 (Fla. 1993) and *Nash v. Wells Fargo,* 678 So.2d 1262 (Fla. 1996).

14. Defendants' recovery on the claims asserted in their Counterclaim is barred by the doctrines of estoppel and unclean hands.

15. Defendants' potential claim for punitive damages is barred or otherwise not recoverable under the U.S. Constitution, Florida law, Texas law or any other applicable law.

16. Defendants' recovery on the claims asserted in their Counterclaim are barred by the doctrines of waiver and release.

17. Defendants' claims are barred by the applicable statutes of limitations.

18. Defendants' claims are barred by the statute of frauds.

19. Defendants' claims are barred by fraud and illegality.

20. Defendants' claims are barred by the doctrine of accord and satisfaction.

21. Defendants' claims for unjust enrichment is barred by law.

22. Defendants' claims are barred by the doctrine of assumption of risk.

23. Defendants' claims are barred because many of the acts its caused Plaintiffs to commit were caused by fraud, overreaching and bad faith.

24. Defendants' claims are barred due to a failure of consideration.

25. Defendants' Counterclaim fails to state facts sufficient to plead a cause of action for breach of contract against Plaintiffs.

26. Defendants' Counterclaim fails to state facts sufficient to plead a cause of action for unjust enrichment against Plaintiffs.

27.     Defendants' Counterclaim fails to state facts sufficient to plead a cause of action fraud in the inducement.

28.     Defendants' Counterclaim fails to state facts sufficient to plead a cause of action for replevin against Plaintiffs.

29.     Defendants' Counterclaim fails to state facts sufficient to plead a cause of action for breach of confidentiality agreement.

30.     The claims asserted in Defendants' Counterclaim are barred due to illegality.

31.     The claims asserted in Defendants' Counterclaim are barred because Defendants still owe the Plaintiffs their division of artifacts found during the Plaintiffs' employment.

32.     Defendants' claims are barred by the doctrines of comparative fault and/or contributory negligence.

33.     Defendants' claims are barred by the failure to join indispensable parties.

34.     Defendants' claims are barred by express and/or implied consent.  Defendants cannot be harmed because they consented to the acts or omissions that allegedly caused their alleged harm.

35.     Defendants' demand for attorneys' fees must be dismissed because such fees are not recoverable as a matter of law.

36.     Defendants should be barred from recovering because their acts are in violation of public policy. Defendants should not be permitted to recover damages from Plaintiffs because, among other things, Defendants have repeatedly violated Bahamian law regarding recovery of artifacts and exploration in areas the Defendants knew they were not permitted to explore or retrieve artifacts, and their conduct against Porter and MRR is unconscionable.

37.     Defendants' claims are barred by breach of contract.

38.    Defendants' claims are barred because they violated their duties of good faith and fair dealing.

39.    Defendants' retention of artifacts owed to Plaintiffs in the oral agreement entered into with the Plaintiffs waives and estops them from recovering any damages against either Porter or MRR.

40.    Defendants' claims are barred by their failure to mitigate their harm.

41.    Defendants claim for punitive damages is barred because Defendants have not pled or shown that any Plaintiff acted in a grossly negligent manner, fraudulently, intentionally, maliciously, or with reckless indifference to the rights of others.

42.    That any act by Plaintiffs regarding failure to erase confidential data was done pursuant to the advice of counsel as spelled out in the "**Confidential Agreement**."

**WHEREFORE,** having fully answered Defendants Counterclaim, Plaintiffs request a trial by jury on all claims, and all claims be dismissed with prejudice with all counts to be taxed against Defendants Carl Allen and AEX.

Respectfully submitted this 31st day of October, 2024.

**Law Office of Richard D. Kibbey, P.A.**
Attorneys for Plaintiffs Daniel Porter & MRR
416 Camden Avenue
Stuart, FL 34994
Email: Kibbeylegal@gmail.com

**By:** */S/ Richard D. Kibbey*
Richard D. Kibbey
Florida Bar #255149

**Jason M. Wandner, P.A.**
Attorneys for Plaintiffs Daniel Porter & MRR
100 Biscayne Blvd, #1600
Miami, FL 33132
Email: Jason@Wanderlaw.com

By: */S/ Jason M. Wandner*
Jason M. Wandner
Florida Bar #0114960

## CERTIFICATE OF SERVICE

*I HEREBY CERTIFY* that a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, on this 31st day of October, 2024, and that the foregoing document is being served this day on all counsel of record identified on the attached Service List, via transmission of Notices of Electronic Filing generated by CM/ECF:

**Christopher F. Lanza, P.A.**

Attorneys for Defendants Carl Allen
& Allen Exploration, LLC
290 NW 165th Street, P-600
Miami, FL 33169
Phone: (305) 956-9040
Email: cfl@lanzalaw.com

**David G. Concannon** (*pro hac vice pending*)
Concannon & Charles, PC
810 Asbury Avenue, No. 203
Ocean City, NJ 08226
Phone: (609) 365-0012
Email: david@davidconcannon.com
Attorneys for Defendants Carl Allen &
Allen Exploration, LLC