IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FT. PIERCE DIVISION

CASE NO. 24-14336-CIV-MARTINEZ/MAYNARD

DANIEL PORTER, *et al.*,

        Plaintiffs,

v.

CARL ALLEN, *et al.*,

        Defendants.

_____/

**DEFENDANTS' REPLY MEMORANDUM
IN SUPPORT OF MOTION TO TRANSFER VENUE**

Defendants Carl Allen and Allen Exploration, LLC ("AEX"), by their undersigned counsel, hereby file their reply memorandum in support of their motion, pursuant to 28 U.S.C. § 1404(a), to transfer this action to the United States District Court for the Northern District of Texas, Dallas Division ("Motion to Transfer," ECF No. 12).

**INTRODUCTION**

As the U.S. Supreme Court made abundantly clear in *Atlantic Marine Construction Co. v. United States District Court for Western District of Texas,* 571 U.S. 49 (2013), there are only two grounds to defeat a forum-selection clause in a contract: (a) the contract itself is invalid; or (2) "public-interest factors" mitigate against transfer, although rarely. *Atlantic Marine*, 571 U.S. at 63-65. Here, the response in opposition to Defendants' motion filed by Plaintiffs Daniel Porter and Maritime Research & Recovery, LLC ("MRR") (ECF No. 13) fails to competently address either basis. Accordingly, the Court must grant Defendants' motion and transfer this case to Texas.

**ARGUMENT**

I. **Plaintiffs admitted that both the Services Agreement and Confidentiality Agreement are valid contracts with undisputed forum-selection clauses.**

Plaintiffs state that "[n]o valid contract establishes that Plaintiffs agreed to litigate claims in Texas." ECF No. 13 at 2, 13-14. However, in their Answer to Defendants' Counterclaims (ECF No. 16), Plaintiffs admit that MRR entered into two contracts with AEX on November 13, 2019. *See* Pls' Answer to Defs' Counterclaims, ECF No. 16 at p. 3, ¶ 18 ("Admit that MRR and AEX entered into two contracts (Services Agreement and Confidentiality Agreement)") and ¶ 46 ("Admit that MRR and AEX entered into Services Agreement."). Plaintiffs further admit that the Services Agreement and the Confidentiality Agreement each contain a forum-selection clause mandating that disputes be litigated in the state and federal courts in Dallas County, Texas. *See* ECF No. 12 at 7-8.

Plaintiffs do not argue that the two 2019 agreements are invalid. Instead, Plaintiffs argue the Services Agreement was terminated, which is addressed below, and they admit that the Confidentiality Agreement has not expired. *Id.* Plaintiffs' own admissions show that they agreed to litigate all claims arising from both agreements in Texas and they offer no reasons that would invalidate the forum-selection clause in either agreement.

II. **The forum-selection clause in the Services Agreement survives termination.**

Plaintiffs principally argue that the Services Agreement was terminated and, therefore, the forum-selection clause no longer applies because "all rights and obligations under the contract would terminate." ECF No. 13 at pgs. 7-8, 13-14. This argument is without merit. As this Court has explained:

> [C]ourts consistently have rejected the notion that termination of an agreement necessarily extinguishes its forum-selection clause. *See TriState HVAC Equipment, LLP v. Big Belly Solar, Inc.*, 752 F. Supp. 2d 517, 535 (E.D. Pa. 2010); *Versar, Inc. v. Ball*, 2001 U.S. Dist. LEXIS 10158, 2001 WL 818354, at *2 (E.D. Pa. 2001); *Texas Source Group, Inc. v. CCH, Inc.*, 967 F. Supp. 234, 238

(S.D. Tex. 1997); *Allied Sound, Inc. v. Dukane Corp.*, 934 F. Supp. 272, 275 (M.D. Tenn. 1996); *Young Women's Christian Ass'n of the U.S. v. HMC Entm't, Inc.*, 1992 U.S. Dist. LEXIS 14713, 1992 WL 279361, at *4 (S.D.N.Y. 1992); *Advent Elecs., Inc. v. Samsung Semiconductor, Inc.*, 709 F. Supp. 843, 846 (N.D. Ill. 1989); *see also* 13 Corbin on Contracts § 67.2, at 12 (rev. ed. 2003) ("Although termination and cancellation of an agreement extinguish future obligations of both parties to the agreement, neither termination nor cancellation affect those terms that relate to the settlement of disputes or choice of law or forum selection clauses."). "*Unless otherwise expressed*, a choice of forum clause does not expire upon termination of the contract from which it derives... [T]o read the contract so as to disregard the forum-selection clause for actions brought following termination would be to distort its usual, common sense meaning and applicability." *Versar*, 2001 U.S. Dist. LEXIS 10158, 2001 WL 818354, at *2 (emphasis added).

*Sensify United States, Inc. v. Intelligent Telematics N. Am., Inc.*, 2017 U.S. Dist. LEXIS 64849, *4-6 (S.D. Fla. Apr. 28, 2017). "While contractual obligations may expire upon the termination of a contract, provisions that are structural (e.g., relating to remedies and the resolution of disputes) may survive that termination." *Silverpop Sys., Inc. v. Leading Mkt. Techs., Inc.*, 641 F. App'x 849, 857 (11th Cir. 2016) (including forum-selection clauses as an example of a structural provision that can survive termination); *see also United States & Hamilton Roofing, Inc. v. Cincinnati Ins. Co.*, 2022 U.S. Dist. LEXIS 100949, *7-8 (N.D. Fla. Mar. 25, 2022) (finding that forum-selection clause survived termination of subcontractor agreement absent any terms to the contrary).

Here, there is nothing in the Services Agreement that expressly invalidates the forum-selection clauses upon termination. *See* ECF No. 1-7. Plaintiffs contend, however, that because the agreement contains no "savings" or "survival" clause the Court should *imply* that the forum-selection clause did not survive the agreement's termination. In *Sensify*, this Court rejected the very same argument. *See Sensify*, 2017 U.S. Dist. LEXIS 64849 at *5-6 (rejecting plaintiff's argument that the exclusion of the forum-selection clause from the "survival" clause implies it did not survive the agreement's termination where there was no "clear intent that, upon

3

termination of the agreement, the forum-selection clause would cease to apply to claims arising under the agreement."). Courts have repeatedly upheld the applicability of forum-selection clauses even where the contract expressly provides for the survival of certain enumerated provisions but not the forum-selection clause. *Id.* at *6. Further, the Services Agreement's forum-selection clause has no language that indicates it becomes unenforceable upon termination. *See* ECF No. 1-7 at ¶ 8(b). Accordingly, the Court should reject Plaintiffs' argument and hold that the forum-selection clause survived the termination of the Services Agreement in August 2021.

III. **The Confidentiality Agreement applies to all claims, counterclaims and defenses related to the handling of information provided and obtained during the salvage of the wreck of the *Maravillas*.**

Plaintiffs argue that, because they did not cite to or attach the Confidentiality Agreement to their Complaint, it does not pertain to their own breach of contract claims. *See* ECF No. 13 at p. 8. They say this means the Confidentiality Agreement does not provide a basis to transfer this action. The Court can make short work of this argument.

The Confidentiality Agreement (ECF No. 7-1) directly relates to the parties' claims, counterclaims and defenses. *See* ECF Nos. 7, Answer at ¶¶ 11, 43; Affirmative Defenses at ¶ 7; Counterclaims at ¶¶ 18, 40, 41, 67-80; ECF No. 7-1. Specifically, the Confidentiality Agreement applies to all claims and defenses related to the handling of information provided and obtained during the salvage of the wreck of the *Maravillas*. These claims are integral to the parties' dispute and they provide a proper basis to transfer this entire action to the forum agreed upon by the parties.

IV. **Defendants have not waived the Confidentiality Agreement's forum-selection clause by filing a counterclaim against Plaintiffs for breach of the Confidentiality Agreement.**

4

Plaintiffs contend that Defendants waived the Confidentiality Agreement's forum-selection clause by filing a counterclaim against Plaintiffs for breach of that agreement. ECF No. 13 at pgs. 8-9, 14-15. However, where a party has not acted inconsistent with the terms of the forum-selection clause by moving to transfer or asserting the defense without delay, no waiver will be found. *See Storm Damage Sols., LLC v. RLI Ins. Co.*, 2023 U.S. Dist. LEXIS 206286, *13-14 (S.D. Fla. Nov. 17, 2023) (finding "under a totality of the circumstances, that the defendant had not "waived its right to contest venue by actively participating in this litigation" in federal court). The Eleventh Circuit has held:

> when assessing whether a party has waived its right to invoke a forum-selection clause, we should apply the same waiver standard that we use in the arbitration clause context. In the arbitration context, whether a party has waived its right to invoke the clause turns on (1) whether the party seeking arbitration "substantially participate[d] in [the] litigation to a point inconsistent with an intent to arbitrate" and (2) whether that participation "prejudice[d]" the opposing party. *Burch v. P.J. Cheese, Inc.*, 861 F.3d 1338, 1350 (11th Cir. 2017).

*Southeast Power Grp. Inc. v. Vision 33, Inc.*, 855 Fed. Appx. 531, 534 (11th Cir. 2021); *see also Gaby's Bags, LLC v. Mercari, Inc.*, 2020 U.S. Dist. LEXIS 15398, *13-14 (M.D. Fla. Jan. 29, 2020) (granting motion to transfer and rejecting plaintiff's argument that defendant had waived the forum-selection clause in defending action in current forum while asserting the forum-selection clause as an affirmative defense); *In re Atl. Marine Prop. Holding Co.*, 2008 U.S. Dist. LEXIS 135004, *11 (S.D. Ala. Aug. 1, 2008) (same).

Here, Defendants have acted consistent with enforcing the forum-selection clause. On October 15, 2024, Defendants – at the first opportunity and without delay – asserted the affirmative defense that the state and federal courts located in Dallas County, Texas were the proper venue pursuant to the Confidentiality Agreement and the Services Agreement. *See* ECF No. 7 at ¶¶ 2, 3, Aff. Defs. at ¶ 7, Counterclaims at ¶¶ 18, 67-79. On October 23, 2024,

5

Defendants then filed their first motion in this action, the Motion to Transfer based upon the forum-selection clauses.  ECF No. 12.  Finally, there is no conceivable prejudice to Plaintiffs by Defendants filing their counterclaims and motion to transfer in the forum chosen by Plaintiffs.  Accordingly, Defendants have not waived the enforcement of the forum-selection clause(s) simply by asserting a counterclaim for breach of contract against Plaintiffs in this Court.  *See Southeast Power Grp. Inc.*, 855 Fed. Appx. 534-35; *Storm Damage*, 2023 U.S. Dist. LEXIS 206286 at *13-14.

V. **Plaintiffs provide no reason why the Court should dismiss, stay, consolidate or transfer only one of Defendants' counterclaims.**

It is not entirely clear what Plaintiffs are arguing in Section IV of their opposition by asking the Court to "dismiss, stay, consolidate or transfer" only one of Defendants' counterclaims (describing a "permissive" counterclaim in the heading, presumably Counterclaim Three for breach of the Confidentiality Agreement).  ECF No. 13 at p. 9.  Plaintiffs admit that the Confidentiality Agreement remains in effect and the forum-selection clause is applicable, but they want only one claim to be transferred.  However, Plaintiffs provide no argument other than requesting relief from the Court in a conclusory statement without legal analysis.  To properly raise an argument, a litigant must support the argument with factual and legal authority.  *See Singh v. United States AG*, 561 F.3d 1275, 1278-79 (11th Cir. 2009) (explaining that simply stating an issue exists, without further argument or discussion, constitutes abandonment of that issue).  Accordingly, the Court should reject this confusing and unsupported argument.

VI. **The Court is not required to accord any deference to the first-filed forum.**

Plaintiffs argue "it would be wise" for the Court to adhere to the "First to File" rule to litigate all claims in Florida.  ECF No. 13 at p. 9-10, 16.  Plaintiffs also argue that Defendants' counterclaim for breach of the Confidentiality Agreement is an "entirely independent claim"

6

which should be considered a second action. *Id.* at 16. Tellingly, none of the cases cited by Plaintiffs involved a forum-selection clause. *Id.*

As a general rule, a court need not accord any deference to the first-filed forum in the face of a clearly applicable forum-selection clause. *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989) ("[s]uch deference to the filing forum would only encourage parties to violate their contractual obligations, the integrity of which are vital to our judicial system"). Significantly, "the plaintiff's choice of forum merits no weight," and the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted. *Atlantic Marine*, 571 U.S. at 63; *Hisey v. Qualtek USA, LLC*, 753 F. App'x 698, 703 (11th Cir. 2018).

Here, the parties' Services Agreement and Confidentiality Agreement were entered into on the same date, and both relate to the salvage of the *Maravillas*. ECF Nos. 1-7; 7 ¶¶ 18, 40; 7-1; 16 ¶¶ 18, 40. Therefore, claims and defenses relating to the Confidentiality Agreement are not entirely independent of claims and defenses relating to the Services Agreement. Further, all claims and counterclaims have been filed in this Court, not in separate actions in different jurisdictions as in the case relied upon by Plaintiffs, *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1132-38 (11th Cir. 2005). Because there are valid forum-selection clauses in each agreement and they apply to the parties' claims, counterclaims and defenses, the Court must reject Plaintiffs' request to defer to Plaintiffs' self-serving choice of forum in violation of the forum-selection clauses. *In re Ricoh Corp.*, 870 F.2d at 573; *Atlantic Marine*, 571 U.S. at 63.

**VII. Plaintiffs' statement that they intend to move for partial summary judgment of Defendants' counterclaim for breach of the Confidentiality Agreement has no relevance to the issues before the Court in the Motion to Transfer.**

Plaintiffs admit they are currently violating the terms of the Confidentiality Agreement based on advice of counsel and, therefore, they intend to move for partial summary judgment on

Defendants' counterclaim for breach of the Confidentiality Agreement. ECF No. 13 at p. 10. However, Plaintiffs make no effort to connect these issues to the matter before the Court: Defendants' Motion to Transfer. Whether or not the Motion to Transfer is granted, Plaintiffs are free to file any dispositive motion in Texas, but such matters are not presently before this Court.

**VIII. Whether or not this matter is subject to a jury trial is not before the Court.**

Plaintiffs' next irrelevant argument is that they have a constitutional right to a jury trial. ECF No. 13 at p. 11. Plaintiffs do not explain why the issue of whether or not they waived a jury trial should be decided at this time and in the context of the Motion to Transfer. The matter is not currently before the Court and should be ignored.

**IX. Undersigned counsel has discussed the Motion to Transfer with Plaintiffs' counsel pursuant to Local Rule 7.1(a)(3).**

Plaintiffs assert that Defendants failed to comply with Local Rule 7.1(a)(3) by discussing the subject matter of the Motion to Transfer before filing the motion. *See* ECF No. 13 at p. 12. "The purpose of [Local Rule 7.1(a)(3)] is to ensure judicial economy and prevent courts from considering issues the parties could agree on independently, and to ascertain whether the Court need wait for a response from the opposing party before deciding the motion." *Aguilar v. United Floor Crew Inc.*, No. 14-CIV-61605, 2014 U.S. Dist. LEXIS 166468, at *3 (S.D. Fla. Dec. 1, 2014). However, a district court has discretion to waive or excuse noncompliance with its local rules. *See Fluor Intercontinental, Inc. v. Johnson Controls, Inc.*, 533 Fed. Appx. 912, 922 n.35 (11th Cir. 2013).

It makes little sense to deny Defendants' motion and defer ruling on the transfer issue, which was first brought to everyone's attention in the Removal Status Report that Defendants filed on October 20, 2024. *See* ECF No. 4 at p. 5. Undersigned counsel has since discussed the Motion to Transfer with Plaintiffs' counsel on October 29, 2024, in a good faith effort to resolve

8

by agreement the issues raised in the motion. *See, infra*, Certification of Counsel at 12. However, Plaintiffs' counsel would not agree to a transfer of this action to the federal court in Dallas, Texas, for the reasons stated in their response (ECF No. 13). Therefore, no judicial resources have been wasted, nor have Plaintiffs unnecessarily incurred any expenses or attorneys' fees. Accordingly, any concerns over noncompliance with Local Rule 7.1(a)(3) have been cured, and the Court may rule on the merits of the motion.

X.  **The Court should not consider the parties' private interests.**

Plaintiffs' ask the Court to consider the parties' private interests and argue that the interests of justice require the case remain in Florida. ECF No. 13 at pgs. 12, 16-17. However, the Supreme Court has firmly held that a district court "should not consider arguments about the parties' private interests;" only public interests (which will rarely be compelling) may be considered. *Atlantic Marine*, 571 U.S. at 63-64. Here, the public interests do not favor defeating the valid forum-selection clause. *See* ECF No. 12 at 6-7. Accordingly, this Court should not consider Plaintiffs' arguments regarding the parties' private interests and hold that the public interests weigh against invalidating the bargained for forum-selection clause.

XI. **Plaintiffs' claim for defamation should be transferred because the alleged defamatory statements relate to the contractual relationship between AEX and MRR.**

Plaintiffs make a final argument that their defamation claim is not bound by the forum-selection clause and that Florida is the proper venue for the claim. ECF No. 13 at pgs. 17-18. However, not one of the cases cited by Plaintiffs involved a defamation claim and a forum-selection clause. *Id.*

This Court has held that in order for a contract forum-selection clause to apply to a tort, the tort claim merely has to "relate" to the terms of the contract. *Loomer v. Facebook, Inc.*, 2020

9

U.S. Dist. LEXIS 99430, *8 (S.D. Fla. April 13, 2020) (granting motion to transfer and rejecting plaintiff's "disingenuous" argument that her defamation claims did not relate to Facebook's terms which included a valid forum-selection clause that plaintiff agreed to twice). The Eleventh Circuit interprets forum-selection clauses containing the words "arising out of" to broadly cover "all causes of action arising directly or indirectly from the business relationship evidenced by the contract." *See Stewart Org., Inc. v. Ricoh Corp.*, 810 F.2d 1066, 1070 (11th Cir. 1987).

Here, Plaintiffs' defamation claim alleges that "Allen acting individually and as agent for [AEX], made several false and defamatory allegations against and about [] Porter, accusing him of misappropriating money and services belonging to Allen and [AEX]" and that the statements were made to "compel Plaintiffs to abandon their claims to 30% of the treasure recovered by Plaintiff and MRR." Compl., ECF No. 1-6, at ¶¶ 80, 83. The forum-selection clause in the Services Agreement contain the words "arising out of or relating to this Agreement or any of the transactions contemplated hereby." ECF No. 1-7 at p. 5. Accordingly, the Services Agreement's forum-selection clause pertains to Plaintiffs' defamation claim as it directly (and/or indirectly) relates to the business relationship between AEX and MRR. *Stewart*, 810 F.2d at 1070.

## CONCLUSION

For all the foregoing reasons and those presented in the Motion to Transfer (ECF No. 12), Defendants respectfully request that the Court grant their motion to transfer this action pursuant to 28 U.S.C. § 1404(a), and enter and Order transferring this case to the United States District Court for the Northern District of Texas, Dallas Division.

Dated this the 4th day of November 2024

Respectfully submitted,

**CHRISTOPHER F. LANZA, P.A.**
Attorneys for Defendants Carl Allen &
Allen Exploration, LLC
290 NW 165TH Street, P-600

MIAMI, FL 33169
PHONE: (305) 956-9040
FAX: (305) 945-2905
Email: cfl@lanzalaw.com

By: */S/ Christopher F. Lanza*
Christopher F. Lanza
Florida Bar #996009

David G. Concannon (*pro hac vice pending*)
Concannon & Charles, PC
810 Asbury Avenue, No. 203
Ocean City, NJ 08226
Phone: (609) 365-0012
Email: david@davidconcannon.com

*Attorneys for Defendants Carl Allen &
Allen Exploration, LLC*

11

## **CERTIFICATION OF COUNSEL**

I HEREBY CERTIFY pursuant to Local Rule 7.1(a)(3), that counsel for the movant conferred with all parties or non-parties or their counsel of record who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so. Specifically, the conference with undersigned counsel and Plaintiffs' counsel occurred on October 29, 2024.

Dated this the 4th day of November 2024

        **CHRISTOPHER F. LANZA, P.A.**
        Attorneys for Defendants Carl Allen &
        Allen Exploration, LLC
        290 NW 165TH Street, P-600
        MIAMI, FL 33169
        PHONE: (305) 956-9040
        FAX: (305) 945-2905
        Email: cfl@lanzalaw.com

        By: */S/ Christopher F. Lanza*
        Christopher F. Lanza
        Florida Bar #996009

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, on this 4th day of November, 2024, and that the foregoing document is being served this day on all counsel of record identified below, via transmission of Notices of Electronic Filing generated by CM/ECF:

Law Office of Richard D. Kibby, P.A.
Attorneys for Plaintiff
416 Camden Avenue
Stuart, FL 34994
Email: Kibbylegal@gmail.com

Jason Wandner, P.A.
Attorneys for Plaintiff
100 Biscayne Blvd
#1600
Miami, FL 33132
Email: Jason@Wadnerlaw.com

**CHRISTOPHER F. LANZA, P.A.**
Attorneys for Defendants Carl Allen &
Allen Exploration, LLC
290 NW 165TH Street, P-600
MIAMI, FL 33169
PHONE: (305) 956-9040
FAX: (305) 945-2905
Email: cfl@lanzalaw.com

By: */S/ Christopher F. Lanza*
Christopher F. Lanza
Florida Bar #996009