**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FT. PIERCE DIVISION**

**CASE NO. 24-14336-CIV-MARTINEZ/MAYNARD**

DANIEL PORTER, Individually, and
MARITIME RESEARCH & RECOVERY, LLC,

      Plaintiffs,

v.

CARL ALLEN, Individually, and
ALLEN EXPLORATION, LLC,

      Defendants.

_____/

**PLAINTIFFS' MOTION TO IMPOSE SANCTIONS FOR DEFENDANTS'
REPEATED VIOLATIONS OF DISCOVERY
RULES AND COURT ORDERS**

Comes now the Plaintiffs Daniel Porter and Maritime Research & Recovery, LLC (MRR) pursuant to Rule 37 Fed. R. Civ.P. and files this Motion to Impose Sanctions for Defendants' Repeated Violations of Discovery Rules and Court Orders.

As grounds in support of this motion the Plaintiffs would show:

1. The Plaintiffs served their <u>First Request for Production</u> from the Defendants on November 21, 2024 (ECF 29-1, Pages 2 – 4) and (ECF 29-2, Pages 2-4).

2. The Defendants served their Response to that Request on December 20, 2024. Their Response consisted of generalized and "boilerplate" objections to each document or item requested by Plaintiffs (ECF 29-3, Pages 2-17 and (ECF 29-4, Pages 2-17).

3. **NOT** one requested document/item has been produced by the Defendants.

4. The Defendants' response also included general objections claiming certain requested material was protected by attorney/client or work product privilege.

5.  These generalized objections, claiming attorney/privilege or work product, violated both Local Rule S.D. Fla L.R. 26.1(e)(2)B, and this Court's Order regarding Discovery Procedures: "**Order Setting Discovery Procedures**" I(E) (ECF 6, Pages 1-5).

6.  The Defendants failed to follow Local Rule 26.1(e)2(D); which required them to file a "privilege log" within 14 days of their response. Instead, they filed their privilege log on January 17, 2025 at 11:15pm (ECF 31-2, Page 2-6) after being informed that afternoon that this Motion would be filed (see Page 8 Certificate herein).

7.  Due to the Defendants' violation of local rules and Court Orders, and their refusal to produce even one document or item requested, Plaintiffs filed their Motion to Compel Production on January 6, 2025 (ECF-29).

8.  This Court's Order Setting Discovery Procedures I.(B) required the Defendants to respond to Plaintiffs' Motion ***within five (5) days)***. The Defendants violated this Court's Order by their untimely filing their response at [1]11:15 pm January 17, 2025 (ECF 31).

9.  The Defendants' untimely filing of their "privilege log," together with their untimely "midnight hour" response to Plaintiffs' Motion to Compel, and their refusal to produce even one item requested by Plaintiffs, has prejudiced the Plaintiffs' ability to properly and timely complete discovery as ordered by this Court. It also demonstrates the Defendants' complete lack of respect for the letter of Court's Orders and Local Rules as well as the historically recognized spirit of conducting full and complete discovery.

---

[1] [It is telling that nowhere in the Defendants' response to the Plaintiffs' Motion to Compel do they offer any excuse for the flagrant violations of Rule and Order timetables. Thus, this response has no legitimacy here.]

10. The trial judge in October of 2024 entered a "Scheduling Order" that imposed strict deadlines for discovery to be completed (ECF-3, Pages 5 and 6). Those deadlines include:

   **January 27, 2025** – Expert witness summaries and reports must be exchanged.

   **February 6, 2025** – Written list of all witnesses a party intends to call at trial must be exchanged.

   **February 26, 2025** – Rebuttal expert witness summaries must be exchanged.

   **April 17, 2025** – All discovery must be completed.

11. In order to comply with this Scheduling Order, the Plaintiffs moved expeditiously to conduct discovery, yet the Defendants' repeated conduct, in flaunting and ignoring Discovery Rules set by Local Rules and Court Orders, have caused harmful delays to the Plaintiffs' attempt to be fully vested with knowledge of this case.

12. The Defendants' intentional decision to stonewall and ignore their obligations to conduct discovery in good faith (refusal to produce even one document requested by Plaintiffs) and not filing pleadings within time frames set by this Court and Local Rules, have severely prejudiced the Plaintiffs' ability to complete discovery in accordance with the deadlines set by this Honorable Court. For example:

   a) The Plaintiffs have set the deposition of Edward Lee Spence on January 20, 2025. Mr. Spence is an important witness; he was specifically cited by the Defendants in their pleading as having knowledge on issues in this case and counterclaims. Yet despite their raising Mr. Spence as a witness, they refused to provide even one document beyond what is in the record which pertains to this witness' knowledge as to the issues of this case and will be prejudiced accordingly.

The Plaintiffs will be forced to go forward with Mr. Spence's deposition without full discovery as to his actions in this case.

b) **Deposition of Preston Paine** – Set for January 27, 2025.

Mr. Paine is the highest-ranking officer of AEX other than its owner Defendant Carl Allen. Mr. Paine is a key witness; he took part in the decisions to hire and fire the Plaintiffs. Mr. Paine is also a key witness as to the defamatory statements made by Carl Allen regarding Plaintiff Daniel Porter. Paine can verify exact sums of treasure recovered by the Plaintiffs during their employment with the Defendants and knows well the character and nature of the Plaintiffs' work while employed by the Defendants.

The Defendants' actions in not releasing any documents requested regarding Mr. Paine have prejudiced the Plaintiffs' ability to conduct a full deposition of Paine.

c) **Deposition of James Sinclair**: Set for January 31, 2025.

Mr. Sinclair works for the Defendants and can verify treasure found, history and traditions of division of treasure with the Plaintiffs and can attest to the Plaintiffs' good faith attempts to find the treasure the Defendants hungered for. The Defendants' actions in not releasing documents will prejudice the Plaintiffs' efforts to conduct a full and complete deposition of this witness and other employees.

13. The Defendants' obstructionist behavior in refusing to release <u>any documents</u>, <u>any emails</u>, and using generalized objections citing "attorney/client" privilege, prejudices Plaintiffs' ability to properly conduct discovery in a timely manner to meet the deadline

for exchanging witness lists (February 6, 2025), and to complete discovery by April 17, 2025.

14. The Defendants' intentional decisions that have prejudiced the Plaintiffs were not accidental nor forgivable.  For instance, they consciously chose to:

   a) Slow walk their response to Plaintiffs' Request for Production (Defendants served their boilerplate objections at deadline);

   b) To serve a "privilege log" only when faced with knowledge that the Plaintiffs would be seeking sanctions.

   c) To file their Response to Plaintiffs' Motion to Compel only when faced with a threat of sanctions have worked in tandem to seriously harm the Plaintiffs' ability to learn of relevant witnesses, rebuttal witnesses, and seek documentary discovery as to prepare for trial and pretrial motions.

15. The Plaintiffs believe that the Defendants' intentional violations of rules and discovery orders are part of their plan to impair, or stop, discovery until this Court rules on their pending Motion to Transfer this case to Texas (ECF 12).

   They continue to cite their continued misplaced belief that Texas, not Florida, is the proper venue for this case.  Their conduct mirrors the boast of Defendant Carl Allen that he loves a "***Good Home Game***," (in Texas). When speaking with investor who wanted divisions of treasure, Allen said this:

> "*...9/8/24 Carl Allen: Art,*
> *Allen X has decided to use its own assets moving forward and will not need to charter your vessels.  I usually don't even think about the word lawyer until last resort.  But since you mentioned lawyers four times in two phone calls now I decided to consult my Legal Teams in Dallas and Austin.  After a lengthy conversation one thing we find interesting.  In over*

> *three years of termination not one word of protest at all of the*
> *letter.  You may want to check Texas Law on that one while*
> *weighing your options in this case.  It's now been decided to not*
> *offer any deals at all now and as you have said several times,*
> *maybe it's time that other people than us make this decision.*
> *We do love a good Home Game."*   (See Exhibit #1 — WhatsApp

Communication from Defendant Carl Allen to investors of MRR who demanded he

pay MRR what was owed from divisions of treasure found by MRR).

16. Reasonable and necessary sanctions this Court should impose for the repeated

intentional misconduct of the Defendants should include:

    a) Striking the <u>Defendants' Motion to Transfer Venue to Texas,</u> (ECF 12).

    b) Ruling that the Defendants have waived (by their untimely filing of a "privilege

    log," all attorney/client or work product privilege set forth in that "privilege

    log."

    c) Ruling that due to their use of generalized and boilerplate objections to

    document requests, the Defendants' objections are overruled, and all requested

    documentation must be furnished to Plaintiffs within five (5) days of this

    Court's Order.

    d) Grant to Plaintiffs reasonable attorneys' fees and costs for Plaintiffs' time spent

    preparing and filing the <u>Motion to Compel Production</u> and this <u>Motion for</u>

    <u>Sanctions</u>.

    e) Seek further relief as this Court deems fair and reasonable given the Defendants'

    conduct.

17. To restore the respect this Court deserves and to demonstrate that the rule of law trumps

a party's desire to prejudice its opponents' ability to full discovery, the sanctions this

Court should impose must be strong – and meaningful.  Considering the vast wealth

the Defendants have bragged about in their pleadings (owning Walker's Cay Island and a hundred plus foot yacht, and the investment of millions of dollars into looking for a sunken ship), a sanction of merely awarding attorneys' fees would be but a slight slap and allow their prejudicial behavior to win the day.

Instead, a more meaningful sanction would include a striking of the Defendants' motion to transfer venue to Texas – a forum with no connection to the facts of this case and a place far away from the contract breaches and defamatory conduct.

## MEMORANDUM OF LAW

The Federal Rules of Civil Procedure strongly favor full discovery whenever possible. *Farnsworth v. Proctor and Gamble*, 758 F.2d 1545, 1547 (11th Cir. 1985).

The discovery process depends on the parties participating in good faith. Relevance in the context of discovery "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978). And since the Rules "strongly favor full discovery whenever possible," *Republic of Ecuador v. Hinchee,* 741 F.3d 1185, 1189 (11th Cir. 2013). A civil litigant is generally entitled to "any information sought if it appears reasonably calculated to lead to the discovery of admissible evidence."

The Supreme Court has stressed on multiple occasions the need to construe the Rules liberally to allow for robust discovery. *Hickman v. Taylor,* 329 U.S. 495, 506, 67 S.Ct. 385, 91 L.Ed. 451 (1947); advising that "the discovery provisions are to be applied as broadly and liberally as possible".

Where, as here, a party refuses to produce even one requested document sought in discovery, their motives for doing so are suspect. The obstructionist's actions of the Defendants regarding discovery have harmed and prejudiced the Plaintiffs' ability to fully complete discovery to meet this Court's discovery deadlines.

The Defendants' intentional misconduct has frustrated both the letter and spirit of this Court's Orders, and the Local Rules on Discovery. These actions were intentional to prejudice the Plaintiffs' ability to prove their case at trial. Stiff sanctions are in order to punish the Defendants for their flagrant gamesmanship regarding discovery rules and orders.

This Court can, and should, utilize a permissible presumption that a refusal to produce material evidence is an admission of the want of merit in asserted defenses. *Hammond Packing Company v. State of Arkansas*, 212 U.S. 322, 350-351 (1909), *Societe Internationale v. Rogers, Attorney General*, 357 U.S. 197, 210 (1958).

Rule 37 of <u>Fed R. Civ P</u>. authorizes a district court to impose sanctions "as are just" against a party that violates an order on discovery. Fed. R. Civ.P. 37(b)(2) permits this Court to order the striking of a defendant's pleadings, even entering a default.

> ***"District courts enjoy substantial discretion in deciding whether and how to impose sanctions under Rule 37."***
>
> *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993).

Here the Defendants' failure to timely file their privilege log until well past its due date, and only after the Plaintiffs filed their Motion to Compel Production, requires this Court to find that the Defendants' untimely filing of this log constitutes a waiver of the asserted attorney/client privilege.

There are abundant District Court opinions holding that the failure to produce a privilege log constitutes a waiver of the privilege claimed.  See *Pensacola Firefighters Relief Pension v. Merrill Lynch*, 265 F.R.D. 589, 592 (N.D. Fla. 2010), and *Bautech v. Resolve Equipment*.

> ***"Failure to timely provide a privilege log in accordance with Local Rules constitutes a waiver of the asserted privileges for those documents subject to the privilege log requirement."***

*Bautech v. Resolve Equipment*, Case No. 23-cv-60703 (U.S. Dis.Crt. S.D. FLA 2024).  See also *Devries v. Morgan Stanley & Company* No. 12-81223-cv 2013, WL 3243370 a*3 (S.D. Fla. June 26, 2013).

Good Faith Attempt to Resolve Dispute:  Pursuant to L.R.7.1(a)(3).  Counsel for Plaintiffs on January 16, 2025 informed Counsel for Defendants via email and in a conversation on January 17, 2025, that their privilege log was untimely and sanctions for their actions would be the subject of this motion.  While the Counsel for the Defendants agreed that the privilege log was untimely filed, and that no response to the Motion to Compel Production was timely filed, he disagreed that sanctions were warranted.

**WHEREFORE**, the above-cited facts and points of law, the Plaintiffs request this Motion for Sanctions be granted by:

1. Striking the Defendants' pleading seeking transfer to Texas of this case.

2. Ruling that the Defendants' assertion as to attorney/client privileges and work product have been waived.

3. That all documents/items requested must be produced.

4. Attorneys' fees and costs awarded to Plaintiffs.

5. Such other relief that this Court deems just.

**Law Office of Richard D. Kibbey, P.A.**
Attorneys for Plaintiffs Daniel Porter & MRR
416 Camden Avenue
Stuart, FL 34994
Email: Kibbeylegal@gmail.com

**By: /S/ Richard D. Kibbey**
Richard D. Kibbey
Florida Bar #255149

**Jason M. Wandner, P.A.**
Attorneys for Plaintiffs Daniel Porter & MRR
100 Biscayne Blvd, #1600
Miami, FL 33132
Email: Jason@Wanderlaw.com

**By: /S/ Jason M. Wandner**
Jason M. Wandner
Florida Bar #0114960

## CERTIFICATE OF SERVICE

*I HEREBY CERTIFY* that a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, on this 19th day of January, 2025, and that the foregoing document is being served this day on all counsel of record identified on the attached Service List, via transmission of Notices of Electronic Filing generated by CM/ECF:

**Christopher F. Lanza, P.A.**
Attorneys for Defendants Carl Allen
& Allen Exploration, LLC
290 NW 165th Street, P-600
Miami, FL 33169
Phone: (305) 956-9040
Email: cfl@lanzalaw.com

# EXHIBIT 1

[9/7/24, 11:22:15 AM] Art The man Art: Carl to futher our conversation I just looked up the 21/22 dividsion. You were going to get the big chain in tack, if there are other items you desire we can do some trading from 2020 dividision. As long as the total points add up. Secondly if you want retribution from Dan. What is it you want

[9/8/24, 11:00:16 AM] Carl Allen: Art
Allen X has decided to use its own assets moving forward and will not need to charter your vessels. I usually don't even think about the word lawyer until last resort. But since you mentioned lawyers four times in two phone calls now I decided to consult my Legal Teams in Dallas and Austin. After a lengthy conversation one thing we find interesting. In over three years of termination not one word of protest at all of the letter. You may want to check Texas Law on that one while weighing your options in this case. It's now been decided to not offer any deals at all now and as you have said several times, maybe it's time that other people than us make this decision. We do love a good Home Game.