IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FT. PIERCE DIVISION

CASE NO. 24-14336-CIV-MARTINEZ/MAYNARD

DANIEL PORTER, *et. al*.,

      v.

CARL ALLEN, *et al*.,
_____/

**DEFENDANTS' MOTION FOR ENTRY OF PROTECTIVE ORDER**

      Defendants/Counterclaim Plaintiffs Carl Allen and Allen Exploration, LLC ("AEX") (collectively, "Defendants"), pursuant to Fed. R. Civ. P. 26(c), hereby move for the entry of a protective order. In support thereof, Defendants aver as follows:

      1.    This is an action arising out of the parties' salvage of the Spanish galleon Nuestra Señora de las Maravillas ("Maravillas"), which foundered off the Bahamas in 1656. *See* ECF No. 1-06 (Compl.) at ¶¶ 10, 11, 19-26, 29-40. Plaintiffs/Counterclaim Defendants Daniel Porter and Maritime Research & Recovery, LLC ("MRR") (collectively, "Plaintiffs") contend that Defendants violated an oral agreement made in 2020 to divide a portion of Defendants' share of the artifacts recovered from the Maravillas with Plaintiffs. *Id*. at ¶¶ 11, 29-35, 38, 40 and 49. Defendants have asserted counterclaims for breach of two written contracts made in 2019, fraud in the inducement, replevin and unjust enrichment. *See* ECF No. 7 (Answer) at ¶¶ 11, 29-35, 38, 40, 45 and 49; (Counterclaims) at ¶¶ 12-18.

      2.    One of the two agreements entered into by the parties on November 19, 2019 is a "Confidentiality Agreement" that identifies what constitutes "Confidential Information" and how it will be treated by the parties. *See* ECF No. 7-1. This "Confidentiality Agreement" is incorporated herein by reference.

3. Plaintiffs have already violated paragraphs 1-3 of the parties' "Confidentiality Agreement" by filing confidential communications that they themselves describe as attorney-client privileged in the public docket without warning to Defendants, specifically to cause harm to Defendants. *See* ECF No. 7-1 at ¶¶ 1-3; ECF Nos. 20-1 and 29-5.

4. The Parties are currently engaged in discovery. Some of the information expected to be produced in this case contains "Confidential Information" as defined by the parties' "Confidentiality Agreement," ECF No. 7-1 at ¶ 1, including proprietary information concerning the search for and recovery of artifacts from the Maravillas, inventories of artifacts recovered from the Maravillas, non-public information identifying the division of artifacts with the Government of The Bahamas, the parties and various third-parties, the potential recovery of other shipwreck sites in The Bahamas, financial information concerning the salvage operations, employment matters and other trade secrets. Indeed, the Plaintiffs have already requested that Defendants produce such "Confidential Information" in Interrogatories and Deposition Notices. *See* Exhibits A, B, C and D.

5. Defendants have sought Plaintiffs' continued agreement to maintain the confidentiality of this information but, so far, Plaintiffs have not agreed. See Meet and Confer Letter, Exhibit E. Accordingly, Defendants hereby move for entry of the proposed Protective Order attached as Exhibit F, which is derived from the stipulated protective order approved in *Pecoraro v. Synovus Bank*, 2023 U.S. Dist. LEXIS 169173 *3-4 (S.D. Fla. Sept. 23, 2023).

6. Throughout this litigation, Plaintiffs' counsel has consistently ignored General Principle No. 7 of The Florida Bar's Guidelines for Professional Conduct: "A lawyer must not use any aspect of the litigation process, including discovery and motion practice, as a means of harassment or to unnecessarily prolong litigation or increase litigation costs." Plaintiffs'

discovery requests have repeatedly requested documents they know to be privileged, that are irrelevant or are already in Plaintiffs' possession. *See* Exs. A-E; ECF Nos. 29-3 and 29-4. For example, Plaintiffs are demanding the production of Defendants' personal and business income tax records, which have no bearing on the claims and defenses asserted; and numerous proprietary documents identifying the artifacts recovered and divisions with the Government of The Bahamas, despite Plaintiffs already having possession of these documents and blocking Defendants' access to the very same records. *See* Exhibit G, Pateman Aff. at ¶¶ 3-9.

7. In addition, Plaintiffs have repeatedly noticed the depositions of out-of-state witnesses in Florida, refusing to allow the witnesses to appear remotely or where they reside. *See* Exs. B, C, D and E. Plaintiffs routinely threaten to inconvenience witnesses by requiring them to appear in Florida to obtain concessions on their other demands.

Memorandum of Law

Pursuant to Fed. R. Civ. P. 26(c), "[a] court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." "The good cause standard of Rule 26(c) is highly flexible, having been designed to accommodate all relevant interests as they arise." *Rohrbough v. Harris*, 549 F.3d 1313, 1321 (10th Cir. 2008).

A. **"Confidential Information" must be Protected from Disclosure**

In cases where a document-by-document review of discovery materials would be unpracticable, and when the parties have agreed to restrict access to sensitive information, a district court may find good cause and issue a protective order pursuant to Rule 26(c). *See In re Alexander Grant & Co. Litigation*, 820 F.2d 352, 357 (11th Cir. 1987). Further, courts have found that "[the] entry of a protective order is appropriate to expedite the flow of discovery

material, promote the prompt resolution of disputes over confidentiality, and facilitate the preservation of material arguably worthy of protection.  *In re Alexander Grant*, 820 F.2d at 356.

Here, the requested information includes "Confidential Information" as defined by the parties' "Confidentiality Agreement," including inventories of artifacts recovered from the Maravillas, non-public information identifying the division of artifacts with the Government of The Bahamas, the parties and various third-parties, financial information concerning the Defendants and the salvage operations, and other trade secrets.  *See* Exs. A-E.  This information is confidential and its disclosure will lead to financial and/or commercial injury.  ECF No. 7-1 at ¶¶ 1-3.  Moreover, the parties have already agreed to the entry of injunctive relief to protect against the disclosure of "Confidential Information."  *Id*. at ¶ 9.  Consequently, Defendants respectfully request the entry of the attached proposed protective order.

**B.     Out-Of-State Witnesses must be Protected from Harassment**

Plaintiffs have noticed the following depositions in Stuart, Florida: (a) Preston Paine, as corporate representative, January 27, 2025; (b) James Sinclair, as corporate representative, January 31, 2025; and (c) Carl Allen, February 21, 2025.  Exs. B, C and D.  Mr. Paine and Mr. Allen reside in Texas, while Mr. Sinclair resides in Virginia.  Defendants has offered to make the witnesses available remotely or where they reside, but Plaintiffs insist on inconveniencing the witnesses by demanding that they travel to Stuart, Florida, at great expense.  Moreover, as Porter has known for months, Mr. Sinclair will be traveling internationally to speak at a conference at the end of January and beginning of February.  To date, Plaintiffs have refused to move the deposition locations or to take them in accordance with Fed. R. Civ. P. 30(b)(4).

It is well settled that depositions of corporate representatives typically take place at the corporation's principal place of business.  *See Sanders v. State Farm Mut. Auto. Ins. Co.*, 2015

U.S. Dist. LEXIS 190714 *1-2 (S.D. Fla. June 29, 2015) (citing *Thomas v. Int'l Bus. Machs.*, 48 F.3d 478, 483 (10th Cir. 1995) (upholding protective order preventing deposition of corporate officer within judicial district because it "clashes with the normal procedure" that the deposition occur at corporation's principal place of business); *Salter v. Upjohn Co.*, 593 F.2d 649, 651-52 (5th Cir.1979)).  Moreover, the parties have previously agreed to litigate this case exclusively in Dallas, Texas, where Mr. Allen and Mr. Paine reside and where the AEX corporate office is located.  *See* ECF No. 1-7 at ¶ 8(b) and ECF No. 7-1 at ¶ 8.  Accordingly, the Court should enter a protective order requiring the depositions to be taken in Texas and Virginia on dates when the witnesses are available, on topics that are at issue in the litigation.

       **C.**       **Irrelevant and Duplicative Information Need Not Be Produced**

As detailed in Exhibits E and G, Plaintiffs are once again demanding documents or information already in their possession and/or which is not relevant to the claims and defenses asserted in this lawsuit, including identifications of artifacts, divisions with The Bahamas, wrecks around Mayaguana Island (500 miles southeast of the Maravillas), contracts with other third-parties, tax returns and communications with Edward Lee Spence.  This is a blatant overuse of discovery and a violation of Rule 26(b)(1).  *See* ECF No. 31 at 4-5.  The Court should use its authority to guard against redundant, irrelevant and/or disproportionate discovery by entering a protective order limiting or overruling these discovery requests.

Conclusion

For the reasons set forth herein, Defendants' motion should be granted, the Court should enter a protective order under Fed. R. Civ. P. 26(c) in the form attached hereto, and Defendants should be awarded their attorneys' fees and costs in accordance with Fed. R. Civ. P.  37(a)(5)(B) or (C).

**L.R. 7.3(a)(3) Certification**

I hereby certify I have conferred with all parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion, including by sending a letter on December 9, 2024 (ECF No. 31-1), the letter attached as Exhibit E, and phone calls and emails made on January 20, 22 and 23, 2025, but I have been unable to do so.

Dated this the 24th day of January, 2025        Respectfully submitted,

**CHRISTOPHER F. LANZA, P.A.**
Attorneys for Defendants
290 NW 165TH Street, P-600
MIAMI, FL 33169
PHONE: (305) 956-9040
Email: cfl@lanzalaw.com

By: */S/ Christopher F. Lanza*
Christopher F. Lanza
Florida Bar #996009

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true a correct copy of the foregoing was filed with the Court's CM/ECF electronic filing system on January 24, 2025, and that the foregoing document is being served this day on all counsel of record via the transmission of Notices of Electronic Filing generated by CM/ECF and/or electronic mail and unrepresented parties will be served by U.S. Mail or by other methods permitted by the Federal Rules of Civil Procedure.

**CHRISTOPHER F. LANZA, P.A.**
Attorneys for Defendants Carl Allen &
Allen Exploration, LLC
290 NW 165TH Street, P-600
MIAMI, FL 33169
PHONE: (305) 956-9040
FAX: (305) 945-2905
Email: cfl@lanzalaw.com

By: */S/ Christopher F. Lanza*
Christopher F. Lanza
Florida Bar #996009

Service List:

Law Office of Richard D. Kibbey, P.A.
Attorneys for Plaintiff
416 Camden Avenue
Stuart, FL 34994
Email: Kibbeylegal@gmail.com

Jason Wandner, P.A.
Attorneys for Plaintiff
100 Biscayne Blvd
#1600
Miami, FL 33132
Email: Jason@Wandnerlaw.com