UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. PIERCE DIVISION

CASE NO. 24-14336-CIV-MARTINEZ/MAYNARD

**DANIEL PORTER, et al.,**

v.

**CARL ALLEN, et al.,**
_____/

**DEFENDANTS' OPPOSITION TO**
**PLAINTIFFS' MOTION FOR SANCTIONS**

Defendants Carl Allen and Allen Exploration, LLC ("Defendants"), by and through undersigned counsel, respectfully oppose Plaintiffs' Motion for Sanctions [ECF No. 32]. Plaintiffs' Motion is procedurally improper, substantively deficient, and an unnecessary waste of judicial resources. It is an impermissible reply brief disguised as a motion, excessive in length, and duplicative of prior arguments made in Plaintiffs' Motion to Compel [ECF No. 29]. Accordingly, Defendants request that this Court deny the Motion in its entirety and award attorneys' fees and costs to Defendants under Federal Rule of Civil Procedure 37(a)(5)(B).

**I.      INTRODUCTION**

Plaintiffs' Motion for Sanctions is nothing more than an attempt to rehash arguments already addressed in their Motion to Compel. In doing so, Plaintiffs violate procedural rules, improperly attempt to file a reply, exceed page limits, and waste judicial resources. Moreover, Plaintiffs fail to substantiate any grounds for sanctions, relying instead on conclusory allegations and redundant claims. The Court should reject Plaintiffs' improper tactics and deny the motion.

**II.     ARGUMENT**

      **A.      The Motion for Sanctions is Improper and Functions as a Reply Brief**

Plaintiffs' nine (9) page Motion for Sanctions improperly serves as a reply to Defendants' Opposition to Plaintiffs' Motion to Compel.  ECF No. 31.  Plaintiffs use the motion to revisit issues previously briefed, including privilege objections, relevance, and proportionality.  Such an approach violates this Court's Order Setting Discovery Procedures, ¶ B, which forbid reply briefs and limit all briefs to five (5) pages in length.  The Court should reject Plaintiffs' blatant attempt to circumvent procedural rules by filing a new motion disguised as a reply.  Plaintiffs' excessive and verbose filing triples the number of pages permitted to argue a discovery dispute and imposes an undue burden on the Court and prejudices Defendants.  Plaintiffs' Motion is a transparent attempt to sidestep those limitations and it should be denied as improper.

B. **The Motion Re-litigates Arguments Already Addressed**

Plaintiffs' Motion incorporates arguments made in their opposition to Defendants' Motion to Compel.  Specifically:

1. Plaintiffs argue that Defendants' objections to certain discovery requests are improper, despite these objections being fully briefed and supported in Defendants' prior filings.  *See* ECF No. 31.

2. Plaintiffs reassert their entitlement to privileged and irrelevant materials, such as correspondence protected by attorney-client privilege and information unrelated to the claims at issue in this case.

Such duplication is a waste of judicial resources and an abuse of the litigation process.  Plaintiffs cannot use a Motion for Sanctions to re-litigate disputes already addressed or pending before the Court.

Even the new arguments Plaintiffs make are disingenuous.  For example, Plaintiffs claim they "moved expeditiously to conduct discovery," ECF No. 32 at ¶ 11, but Plaintiffs have ***never*** made their mandatory disclosures under Fed. R. Civ. P. 26(a)(1)(A), even though they were due in mid-November and the Court's deadline to identify trial witnesses is February 6, 2025.  *See* ECF No. 3 at p. 2 and 6.  Moreover, the deposition of Edward Lee Spence was postponed by the

witness, and the depositions of James Sinclair, Carl Allen and Preston Paine are the subject of Defendants' Motion for a Protective Order [ECF No. 33], the filing of which was necessitated in large part by Plaintiffs' unwillingness to enter into a Stipulated Confidentiality Order and their insistence that the witnesses personally appear in Florida and produce documents that are subject to pending objections upon which the Court has yet to rule. *Id*.

### C. The Motion Lacks Substantive Grounds for Sanctions

Plaintiffs fail to provide any factual or legal basis for imposing sanctions. Defendants have complied with their discovery obligations in good faith, as evidenced by:

1. A comprehensive meet-and-confer process, including Defendants' December 9, 2024, letter [ECF No. 31-1], which clearly outlined the objections and sought resolution without court intervention.

2. Defendants' production of a privilege log and responses proportional to the needs of the case, even though the Plaintiffs' requests and Defendants' objections were specific enough to comply with S.D. Fla. L.R. 26.1(e)(2)(B). Defendants subsequently compiled and provided a privilege log, in short order and at great burden and expense, out of an abundance of caution and in fulfillment of their duty to supplement an earlier response.[1]

It is ironic, but not surprising, that Plaintiffs tried to support their Motion for Sanctions with supposed evidence and a quote from a witness they did not identify, and have not identified in accordance with Fed. R. Civ. P. 26(a), in direct violation Fed. R. Civ. P. 37(c)(1). *See* ECF No. 32 at ¶ 15 and Ex. A. This is indicative of the Plaintiffs' wholesale abuse of the discovery

---

[1] Plaintiffs also cite *Pensacola Firefighters' Relief Pension Fund Bd. of Trs. v. Merrill Lynch, Pierce Fenner & Smith, Inc.*, 265 F.R.D. 589 (N.D. Fla. 2010), to support their argument that the failure to produce a privilege log constitutes a waiver of the privilege claimed. However, they fail to cite to the District Court's opinion partially reversing this aspect of the Magistrate's opinion. *See Pensacola Firefighters' Relief & Pension Fund Bd. of Dirs. v. Merrill Lynch, Pierce Fenner & Smith*, 2010 U.S. Dist. LEXIS 156963, *12 (June 28, 2010) ("the failure to provide a privilege log within the 30-day response time does not result in an automatic waiver of the privilege."). Instead, the Court must undertake a "holistic analysis" to determine whether the privilege has been waived. *Id*. Defendants submit that when such an analysis is applied to the facts of this case, the inevitable conclusion is that has not been any waiver.

system, blatant disregard of Rule 26, and misuse of the Local and Federal Rules of Civil Procedure. Even worse, Plaintiffs sought to use this "evidence" to persuade the Court to strike Defendants' Motion to Transfer pursuant to a valid forum selection clause that the Plaintiffs ***also*** sought to conceal in their Complaint! *See* ECF No. 12 at p. 4.

Fed. R. Civ. P. 37 allows for sanctions only in cases of bad faith or willful misconduct. Plaintiffs offer no evidence of such behavior by Defendants. Instead, Plaintiffs rely on conclusory allegations and unsupported accusations, which cannot justify the imposition of sanctions, and they project their own violations of the rules onto Defendants. At most, the Defendants are guilty of filing one response brief a few days late, long after they presented their objections in writing to the Plaintiffs and sought to resolve them before even responding to a discovery request. The Eleventh Circuit has held that, when assessing Rule 37 sanctions, the severe sanction of a striking a motion or a pleading is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders. *See Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993). Accordingly, Plaintiffs' Motion must be denied.

### D. Plaintiffs' Motion is Harassing and Frivolous

Plaintiffs' Motion is not only procedurally improper but also harassing in nature. It seeks to prolong the litigation unnecessarily and increase litigation costs for Defendants. Plaintiffs' actions directly contradict General Principle No. 7 of The Florida Bar's Guidelines for Professional Conduct, which prohibits using the litigation process as a means of harassment; and Fed. R. Civ. P. 26(b)(1), which requires that discovery requests not be duplicative, burdensome, irrelevant or seek privileged information. The Court should not permit such tactics and should instead deter Plaintiffs from continuing this course of conduct.

**III.     REQUEST FOR ATTORNEYS' FEES AND COSTS**

Pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), Defendants request an award of attorneys' fees and costs incurred in responding to Plaintiffs' baseless Motion for Sanctions. Plaintiffs' filing lacks merit, is procedurally improper, and amounts to an abuse of the judicial process. An award of fees and costs is necessary to deter further improper conduct.

**IV.     CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court:

1. Deny Plaintiffs' Motion for Sanctions [ECF No. 32];
2. Award Defendants their attorneys' fees and costs incurred in responding to the Motion; and
3. Grant such other and further relief as the Court deems just and proper.

Dated: January 24, 2025                                   Respectfully submitted,

**CHRISTOPHER F. LANZA, P.A.**
Attorneys for Defendants
290 NW 165TH Street, Suite P-600
Miami, FL 33169
Phone: (305) 956-9040
Email: cfl@lanzalaw.com

By: _/s/ **Christopher F. Lanza**_
Christopher F. Lanza
Florida Bar No. 996009

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true a correct copy of the foregoing was filed with the Court's CM/ECF electronic filing system on January 24, 2025, and that the foregoing document is being served this day on all counsel of record via the transmission of Notices of Electronic Filing generated by CM/ECF and/or electronic mail and unrepresented parties will be served by U.S. Mail or by other methods permitted by the Federal Rules of Civil Procedure.

**CHRISTOPHER F. LANZA, P.A.**
Attorneys for Defendants Carl Allen &
Allen Exploration, LLC
290 NW 165TH Street, P-600
MIAMI, FL 33169
PHONE: (305) 956-9040
FAX: (305) 945-2905
Email: cfl@lanzalaw.com

By: */S/ Christopher F. Lanza*
Christopher F. Lanza
Florida Bar #996009

Service List:

Law Office of Richard D. Kibbey, P.A.
Attorneys for Plaintiff
416 Camden Avenue
Stuart, FL 34994
Email: Kibbeylegal@gmail.com

Jason Wandner, P.A.
Attorneys for Plaintiff
100 Biscayne Blvd
#1600
Miami, FL 33132
Email: Jason@Wandnerlaw.com