**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**FT. PIERCE DIVISION**

**CASE NO. 24-14336-CIV-MARTINEZ/MAYNARD**

DANIEL PORTER, Individually, and
MARITIME RESEARCH & RECOVERY, LLC,

Plaintiffs,

v.

CARL ALLEN, Individually, and
ALLEN EXPLORATION, LLC,

Defendants.

_____/

## <u>THE PLAINTIFFS' SECOND MOTION FOR SANCTIONS INCLUDING ENTRY OF DEFAULT JUDGMENT AND INCORPORATED MEMORANDUM OF LAW</u>

Comes now the Plaintiffs Daniel Porter, Individually, and Maritime Research & Recovery LLC and hereby file Plaintiffs' Second Motion for Sanctions Including Entry of Default Judgment against Defendants. In support of the same, Plaintiffs assert the following, to wit:

1.      From the inception of this case, Defendants sought removal from State Court to Federal Court. In doing so, they subjected themselves to the Federal Rules of Civil Procedure, the Local Rules of the Southern District of Florida, and the Pre-Trial orders of the District [DE: 3] and Magistrate [DE: 6] Courts.

2.      Both the District Court and Magistrate Court Orders entered in this case set forth deadlines and requirements that must be followed by all parties. Judge Martinez' October 11, 2024 Order [DE: 3] indicates that discovery violations such as those committed by Defendants so far in this case may result in sanctions including entry of Default. Defendants actions herein very much justify imposition of meaningful sanctions including Default.

3.      On January 19, 2025, Plaintiffs filed a Motion to Impose Sanctions for Defendants' repeated violations of discovery rules and Court Orders. [DE: 32]. In that Motion, Plaintiffs set forth in detail all the Defendants violations that had occurred up to that point. This includes failure to provide __*any*__ documents in discovery and objections to matters that are clearly at issue. Plaintiffs also filed a Motion to Compel that is pending, [DE: 29], and will be filing a Second Motion to Compel for insufficient Interrogatory responses and objections.

4.      On January 8, 2025, Plaintiffs served Notices of Deposition for Corporate Representatives and key fact witnesses Preston Paine, James Sinclair and Co-Defendant Carl Allen.  The deposition dates of Paine and Sinclair were agreed to and coordinated with Defendants' counsel and set far in advance so that any scheduling issues or objections to the depositions could be worked out or litigated. The first deposition, for Preston Paine, was set for Monday, January 27, 2025.

5.      On Friday, January 24, 2025, Defendants responded to the Motion for Sanctions, falsely asserting that its own failure to comply with discovery was due to Plaintiffs' "unwillingness to enter into a Stipulated Confidentiality Order". [DE: 34]. Also on January 24, 2025, and only three (3) days before the Preston Paine deposition was to occur, and twenty (20) days after it was set, Defendants filed a Motion for Protective Order doubling down on its false and misleading assertions that its own failure to comply with discovery was due to Plaintiffs' "unwillingness to enter into a Stipulated Confidentiality Order".[1]

---

[1] Defendants also raised the "inconvenience" to its corporate witnesses to be deposed in Florida. This is a red herring. AEX and its Owner Carl Allen own a Bahamian Island (Walker's Cay), at least one (1)  Corporate Jet, and multiple Mega Yachts. They travel all over the World for work, as they admit in the Motion for Protective Order. Moreover, they conduct extensive business in the State of Florida. Even Michael Pateman, another AEX corporate representative, recently signed an affidavit in this case from Miami-Dade County, Florida. [DE: 33, Ex. G]. Ultimately, AEX, as a counter-claimant, has sought affirmative relief in this Jurisdiction, and its Corporate representatives are obligated to appear in this Jurisdiction for their depositions.

6.      In fact, contrary to the false and misleading assertions in both of Defendants' recent filings, the Plaintiffs offered to enter into a confidentiality agreement with Defendants in an email between counsel on October 18, 2024, in order to avoid the discovery issues that Defendants raise now. That was reiterated again in another email dated December 13, 2024. Finally, in an email dated January 23, 2025, just one (1) day before Defendants accused Plaintiffs of refusing to enter into a confidentiality agreement in order to justify its evasion of discovery, Plaintiff made it clear the suggestion of a confidentiality agreement was first raised by Plaintiff, and only raised by Defendants at the last minute. (See Composite Exhibit "1", emails referencing confidentiality agreement).

7.      In addition to being based upon a false and misleading premise, thus without good cause, the Motion for Protective Order was clearly untimely filed on the Friday before a Monday deposition. Defendants had weeks to file such a Motion, in order to obtain relief from the Court. Pursuant to Local Rule 26.1(h), Motions for Protective Order must be filed "promptly upon receiving such notice [of the setting of a deposition]." Filing a Motion for Protective Order Seventeen (17) days after the notice, and on the eve of the deposition, is certainly not prompt and subjects the Motion to being struck because there was no legitimate possibility that the Defendant would be able to receive the attention of the Court over the weekend in order to provide the requested relief.

8.      The Motion should further be struck because Defendant did not provide a proposed written order to the Court that would have specified how the Court could provide relief to the Defendant regarding the deposition issues without denying Plaintiff their due process rights to discovery. *See Minor v. Forest Trail*, 24-Civ-81461-Leibowitz/Augustin-Birch (USDC SD 2024) ("The party seeking a protective order has the burden to demonstrate "good cause", and the Court

"must analyze: "(1) the severity and the likelihood of the perceived harm; (2) the precision with which the order is drawn; (3) the availability of a less onerous alternative; and (4) the duration of the order."). While a detailed proposed Order was attached reference protection of documents, none was attached reference the deposition venue.  A second generic order attached to the Motion simply said "Granted", with no other guidance applicable to the requested relief regarding the deposition venue nor consideration for the "balancing of interests" between the parties. *Id*.  In addition, Undersigned Counsel has not observed whether Defendants' Counsel even sent the Motion and draft orders to Magistrate Maynard as was required by her Pre-Trial discovery Order for her consideration. [DE: 6].

10.    ***Finally, in the ultimate exhibition of its contempt for the discovery process, neither Defendants' Attorney nor its corporate witness Preston Paine appeared for his January 27, 2025 deposition.***[2] Local Rule 26.1(h) governs what is permissible regarding a Motion for Protective Order, and failure to appear at a deposition of a Corporate Party witness in the absence of Court intervention and imposition of relief is not permissible.  It is quite clear that Defendants just want to avoid discovery altogether and their protestations and actions heretofore are simply designed to run out the clock on discovery while the District Court contemplates the Motion to Transfer Venue. That is improper. *See Applya Corp v. TBG Tech Co*, 23-21290-Civ-Gayles/Torres (USDC SD 2025) (Use of Motion for Protective Order to pause or avoid discovery

---

[2] A Certificate of Non-Appearance was obtained by the Plaintiff by the Court Reporter and can be filed with this Court if need be. As indicated earlier, there are two (2) other depositions that have been noticed that are also referenced in the Motion for Protective Order. The deposition of James Sinclair, another of Defendant AEX's Corporate Representatives and fact witness, was set for January 30, 2025 in Stuart, Florida. Contrary to the false claims in Defendants Motion for Protective Order, Plaintiffs' agreed in an email dated January 23, 2025 to reschedule the date (but not location) of Sinclair's deposition in light of his out of country travel. Needless to say, Defendants failed to provide that information to the Court.

pending the ruling on a substantive Motion would be "inefficient and unfair" to the opposing party).

11.     Defendants have continuously shown their contempt for the discovery process in the hopes that the District Court will transfer this case to its "Home Court" in Texas. This case currently sits in the Southern District of Florida however, and Defendants cannot continue to flaunt the rules and Orders of this Court and avoid its discovery obligations.

12.     This Court should exercise its discretion and authority pursuant to its own Orders and enter the appropriate sanction of Default against the Defendants for their ongoing violations including Defendant AEX's Corporate Representative Preston Paines's ***failure to appear for his Deposition*** in addition to all the other acts of defiance set forth in Plaintiffs' Motion to Compel [DE: 29] and Plaintiffs' Motion to Impose Sanctions [DE: 32]. Further sanctions should also include denial of the Defendant's Motion to Change Venue [DE: 12], and Granting of Plaintiffs' Motion to Oppose *Pro Hac Vice* and or to Disqualify David Concannon [DE: 15]. Finally, Plaintiffs' should be awarded Attorney's Fees for all of the extra litigation Defendants have caused.

**WHEREFORE**, the above-cited facts and points of law the Plaintiffs request their Second Motion for Sanctions be granted. Of Good Faith Attempt to Resolve Dispute pursuant to L.R. 7.1(a)(3).  On today's date, January 30, 2025, Counsel for Plaintiffs and Defendants discussed the Second Motion for Sanctions. Defendants' counsel does not agree to the Motion.

DATED: January 30, 2025.

Respectfully submitted,

**Law Office of Richard D. Kibbey, P.A.**
Attorneys for Plaintiffs Daniel Porter & MRR
416 Camden Avenue
Stuart, FL 34994
Email: Kibbeylegal@gmail.com

**By:** */S/ Richard D. Kibbey*
Richard D. Kibbey
Florida Bar #255149

**Jason M. Wandner, P.A.**
Attorneys for Plaintiffs Daniel Porter & MRR
100 Biscayne Blvd, #1600
Miami, FL 33132
Email: Jason@Wanderlaw.com

**By***: /S/ Jason M. Wandner*
Jason M. Wandner
Florida Bar #0114960

<u>**CERTIFICATE OF SERVICE**</u>

*I HEREBY CERTIFY* that a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, on this 30th day of January, 2025, and that the foregoing document is being served this day on all counsel of record identified on the attached Service List, via transmission of Notices of Electronic Filing generated by CM/ECF:

**Christopher F. Lanza, P.A.**
Attorneys for Defendants Carl Allen
& Allen Exploration, LLC
290 NW 165th Street, P-600
Miami, FL 33169
Phone: (305) 956-9040
Email: cfl@lanzalaw.com