IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

FT. PIERCE DIVISION

CASE NO. 24-14336-CIV-MARTINEZ/MAYNARD

DANIEL PORTER, Individually, and
MARITIME RESEARCH & RECOVERY, LLC,

Plaintiffs,

v.

CARL ALLEN, Individually, and
ALLEN EXPLORATION, LLC,

Defendants.
_____/

**DEFENDANTS' MEMORANDUM IN OPPOSITION
TO PLAINTIFFS' SECOND MOTION FOR SANCTIONS**

Defendants Carl Allen and Allen Exploration, LLC ("Defendants"), by and through undersigned counsel, submit this Memorandum in Opposition to Plaintiffs' Second Motion for Sanctions Including Entry of Default Judgment [DE 35] and state as follows:

**I.      INTRODUCTION**

Plaintiffs' Second Motion for Sanctions is nothing more than a procedurally improper attempt to relitigate issues already pending before this Court.  Plaintiffs' motion does not introduce any new or compelling evidence of misconduct by Defendants; rather, it recycles the same arguments advanced in their prior Motion for Sanctions [DE 32] and Motion to Compel [DE 29].  Moreover, Plaintiffs' claims regarding Defendants' failure to produce corporate representative Preston Paine for deposition are baseless.  Defendants timely filed a Motion for Protective Order [DE 33] regarding the deposition, which justified Mr. Paine's non-appearance and preserved the issue for Court determination.  Plaintiffs' attempt to seek sanctions for an issue

that is currently subject to judicial review is a clear abuse of the litigation process and a waste of judicial resources. For these reasons, the Court should deny Plaintiffs' Second Motion for Sanctions in its entirety.

## II. ARGUMENT

### A. Plaintiffs' Motion Simply Rehashes Issues Already Pending Before the Court

Plaintiffs' Second Motion for Sanctions does not present any new or compelling allegations of discovery misconduct. Instead, it repeats the same arguments and allegations found in:

1. Plaintiffs' Motion to Compel [DE 29];
2. Plaintiffs' First Motion for Sanctions [DE 32]; and
3. Plaintiffs' various discovery-related filings.

Federal courts consistently reject attempts to file duplicative motions raising issues that have already been briefed and are awaiting resolution. *See Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993) (holding that sanctions should not be imposed absent clear evidence of misconduct beyond procedural disputes already before the Court). Here, Plaintiffs seek to manufacture an appearance of misconduct where none exists, simply by filing successive motions that restate their previous claims.

### B. Defendants' Failure to Produce Preston Paine Was Justified by the Timely Filed Motion for Protective Order

Plaintiffs' claim that Defendants willfully disregarded a deposition notice for Preston Paine is demonstrably false. Defendants informed Plaintiffs' counsel for several weeks that its witnesses could be deposed either remotely or where they lived or worked. It is well settled that depositions of corporate representatives like Mr. Paine typically take place at the corporation's principal place of business. *See Sanders v. State Farm Mut. Auto. Ins. Co.*, 2015 U.S. Dist.

LEXIS 190714 *1-2 (S.D. Fla. June 29, 2015) (citing *Thomas v. Int'l Bus. Machs.*, 48 F.3d 478, 483 (10th Cir. 1995) (upholding protective order preventing deposition of corporate officer within judicial district because it "clashes with the normal procedure" that the deposition occur at corporation's principal place of business); *Salter v. Upjohn Co.*, 593 F.2d 649, 651-52 (5th Cir.1979)).  Moreover, the parties have previously agreed to litigate this case exclusively in Dallas, Texas, where Mr. Allen and Mr. Paine reside and where the AEX corporate office is located.  *See* ECF No. 1-7 at ¶ 8(b) and ECF No. 7-1 at ¶ 8.  Finally, Plaintiffs demanded that Mr. Paine produce documents at his deposition that Defendants had objected to producing, and these objections were currently before the Court for determination.  [DE 31and 32].

On January 24, 2025—three days before the scheduled deposition—Defendants filed a Motion for Protective Order [DE 33] seeking to prevent the deposition from proceeding under improper circumstances.  Under federal law, the filing of a protective order motion preserves the issue for judicial determination and relieves the party of any obligation to comply with the disputed discovery request until the Court rules.  *See Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012) (holding that the filing of a protective order stays compliance obligations until the court resolves the dispute).

Here, Plaintiffs were well aware of Defendants' motion yet proceeded to demand the deposition regardless. Their decision to move for sanctions while the protective order remains pending demonstrates their bad-faith litigation tactics and improper use of motion practice to harass and burden Defendants.

    **C.**    **Plaintiffs' Motion for Sanctions is Procedurally Improper and Substantively Meritless**

Sanctions under Federal Rule of Civil Procedure 37 are reserved for instances of willful non-compliance with discovery obligations.  *See BankAtlantic v. Blythe Eastman Paine Webber,*

*Inc.*, 12 F.3d 1045, 1049 (11th Cir. 1994) (sanctions must be proportional to the alleged violation and based on clear evidence of misconduct). Plaintiffs fail to meet this standard for several reasons:

1. No Violation of a Court Order – Plaintiffs do not cite any order compelling Defendants to produce Paine for deposition. Without such an order, sanctions are not appropriate under Rule 37.

2. Pending Motion for Protective Order – As stated above, Defendants' motion remains unresolved. It is improper for Plaintiffs to seek sanctions while the Court has yet to rule on a motion that directly relates to the disputed conduct.

3. Plaintiffs Have Suffered No Prejudice – Plaintiffs fail to demonstrate any material prejudice resulting from the non-appearance of Paine. Courts require a showing of harm before imposing severe sanctions. *See United States v. Certain Real Prop. Located at Route 1, Bryant, Ala.*, 126 F.3d 1314, 1317 (11th Cir. 1997) (sanctions require a finding of actual harm to the opposing party's litigation position).

### D. Plaintiffs' Motion is an Attempt to Unreasonably Multiply Proceedings and Should be Sanctioned

Plaintiffs' repeated and baseless filings unnecessarily multiply proceedings in violation of 28 U.S.C. § 1927, which prohibits litigants from engaging in conduct that unreasonably and vexatiously increases litigation costs. Courts have imposed sanctions under § 1927 where parties repeatedly file motions raising the same issues already pending before the court. *See Avirgan v. Hull*, 932 F.2d 1572, 1582 (11th Cir. 1991).

Here, Plaintiffs' pattern of filing repetitive and meritless motions—without awaiting Court rulings on their prior motions—is an abuse of judicial resources that should not be tolerated. Defendants respectfully request that the Court sanction Plaintiffs and award them attorneys' fees and costs for the time spent responding to this frivolous motion.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court:

1. Deny Plaintiffs' Second Motion for Sanctions in its entirety;

2. Reaffirm that Defendants' Motion for Protective Order justified the non-appearance of Preston Paine;

3. Admonish Plaintiffs for their repeated filing of duplicative motions and improper use of sanctions requests; and

4. Award Defendants reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1927 for having to respond to this baseless motion.

Dated this the 3rd day of February, 2025            Respectfully submitted,

**CHRISTOPHER F. LANZA, P.A.**
Attorneys for Defendants
290 NW 165TH Street, P-600
MIAMI, FL 33169
PHONE: (305) 956-9040
Email: cfl@lanzalaw.com

By: */S/ Christopher F. Lanza*
Christopher F. Lanza
Florida Bar #996009

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true a correct copy of the foregoing was filed with the Court's CM/ECF electronic filing system on February 3, 2025, and that the foregoing document is being served this day on all counsel of record via the transmission of Notices of Electronic Filing generated by CM/ECF and/or electronic mail and unrepresented parties will be served by U.S. Mail or by other methods permitted by the Federal Rules of Civil Procedure.

**CHRISTOPHER F. LANZA, P.A.**
Attorneys for Defendants Carl Allen &
Allen Exploration, LLC
290 NW 165TH Street, P-600
MIAMI, FL 33169
PHONE: (305) 956-9040
FAX: (305) 945-2905
Email: cfl@lanzalaw.com

By: */S/ Christopher F. Lanza*
Christopher F. Lanza
Florida Bar #996009

Service List:

Law Office of Richard D. Kibbey, P.A.
Attorneys for Plaintiff
416 Camden Avenue
Stuart, FL 34994
Email: Kibbeylegal@gmail.com

Jason Wandner, P.A.
Attorneys for Plaintiff
100 Biscayne Blvd
#1600
Miami, FL 33132
Email: Jason@Wandnerlaw.com