IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FT. PIERCE DIVISION

CASE NO. 24-14336-CIV-MARTINEZ/MAYNARD

DANIEL PORTER, Individually, and
MARITIME RESEARCH & RECOVERY, LLC,

    Plaintiffs,

v.

CARL ALLEN, Individually, and
ALLEN EXPLORATION, LLC,

    Defendants.

_____/

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' SECOND MOTION FOR SANCTIONS INCLUDING ENTRY OF DEFAULT JUDGMENT and INCORPORATED MEMORANDUM OF LAW**

    Comes now the Plaintiffs, Daniel Porter, Individually, and Maritime Research & Recovery LLC and hereby file their Reply to the Defendants' Response [DE: 36] to Plaintiffs' Second Motion for Sanctions Including Entry of Default Judgment against Defendants. [DE: 35]. In support of the same, Plaintiffs assert the following, to wit:

    1.    Defendants' argument that Plaintiffs' Second Motion for Sanctions Including Entry of Default Judgment against Defendants is duplicative of arguments made in Plaintiffs' First Motion for Sanctions [DE: 32] and Motion to Compel [DE: 29] is wrong, because the Second Motion for Sanctions is based upon sanctionable activity that happened after those filings.

    2.    The Motion to Compel [DE: 29] was filed on January 6, 2025. The First Motion for Sanctions [DE: 32] was filed on January 19, 2025.

3. The Second Motion for Sanctions was based upon sanctionable activity that occurred on January 27, 2025 and was specifically described in paragraph ten (10), to wit:

> "***Finally, in the ultimate exhibition of its contempt for the discovery process, neither Defendants' Attorney nor its corporate witness Preston Paine appeared for his January 27, 2025 deposition***"

4. Defendants' arguments that their failure to appear for Preston Paine's deposition were excused by the "timely" filing of a Motion for Protective Order [DE: 33] are also false, for the reasons explained at length in paragraph seven (7) of the Second Motion for Sanctions [DE: 35], to wit:

> … the Motion for Protective Order was clearly **_untimely filed_** on the Friday before a Monday deposition. Defendants had weeks to file such a Motion, in order to obtain relief from the Court. Pursuant to Local Rule 26.1(h), Motions for Protective Order must be filed "promptly upon receiving such notice [of the setting of a deposition]." Filing a Motion for Protective Order Seventeen (17) days after the notice, and on the eve of the deposition, is certainly not prompt and subjects the Motion to being struck because there was no legitimate possibility that the Defendant would be able to receive the attention of the Court over the weekend in order to provide the requested relief. [emphasis added].

5. Defendants' arguments that they advised the Plaintiffs "for several weeks" that depositions could only be taken remotely or in Texas does not mean Plaintiffs' were forced to concede that point. It also means that Defendants acknowledge they had "weeks" after the deposition notice was served to bring this issue to the attention of the Court and failed to do so.

6. Defendants' arguments that Plaintiffs were compelled to depose Defendants' witnesses in Texas is incorrect. In *Paleteria v. Prolacto*, Case No. 11-1623 (USDCDC, 2013), the United States District Court for the District of Colombia held the following, to wit:

> Fed. R. Civ. P. 26(c)(1) empowers the Court to specify terms, including time and place, for the disclosure or discovery at issue upon a showing of good cause. ***The burden of showing good cause falls upon the party moving for the protective order.*** In considering where the deposition of a corporate agent is to take place, there is a general presumption that the deposition will occur at the corporation's principal place of business. However, this presumption is

rebuttable and the Court can focus on several factors to determine if it would be inappropriate to have the deposition at the foreign defendant corporation's principal place of business. The matter of the location of depositions of defendants ultimately is within the discretion of the Court, and ***instances of defendants having to appear for depositions at the place of trial are not unusual.*** When determining whether it is appropriate to override this general presumption, courts consider the following factors: ***location of counsel for both parties; size of defendant corporation and regularity of executive travel; resolution of discovery disputes by the forum court; and the nature of the claim and the relationship of the parties***. [citations omitted] [emphasis added].

7. In addition to the fact that Defendants did not seek Court intervention on this issue in a timely manner after the setting of the deposition, Defendants have not met their burden to show good cause why the depositions should not have proceeded in the Southern District of Florida based upon the standard set forth above. Both Lawyers for the instant parties practice and reside in South Florida. Allen Exploration, by their own admission, is a highly successful company that owns multiple super yachts, at least one (1) airplane, and a large Island in the Bahamas it is currently developing into a Resort.

Its owner and co-Defendant, Carl Allen, is a Millionaire many times over and the scion of the Walgreens Pharmacy Empire. Carl Allen and other executives that are listed witnesses in this case according to the Defendant's Rule 26 disclosure and Trial Witness List have recently traveled overseas to Asia for business purposes. Moreover, the same Corporate agents also travel to the Bahamas and other overseas locations quite often. Finally, Allen Exploration witnesses either travel to or reside in Florida as proven by the service of process of the summons in this matter on Carl Allen in Martin County, Florida; service of process of witness subpoenas on Kenton Dickerson and Robert Hill in St. Lucie County, Florida; and an affidavit of Michael Pateman that was executed in Miami Dade County, Florida.

8. As to the status of the litigation and claims herein, multiple issues are pending resolution by this Court, not any other Court, and oversight of depositions by this Court would be much easier here within the District. Contrary to Defendants arguments, the parties did not in

any way stipulate to any other venue in this case. Plaintiffs sued Defendants over a verbal agreement that contained no venue provision. Plaintiffs have vigorously opposed the Defendants attempts to change venue, and this is one of the issues pending before the Court.

9. In addition, Defendants have availed themselves of this Jurisdiction by removing the case from State Court in Martin County, Florida to the Southern District of Florida, and moreover have sought affirmative relief in the form of multiple counter-claims. They cannot satisfy their burden of proving good cause why depositions should not proceed in Florida especially while Jurisdiction of the case remains here.

10. Defendants' arguments that they were entitled not to appear at Preston Paine's deposition because Plaintiffs required him to bring documents they had objected to previously carries no weight, again, as they failed to timely seek the protection of the Court on this issue. ***Moreover, the fact that Defendants have objected to every document request Plaintiffs' have made, and have as of yet provided not one (1) piece of evidence in discovery proves the lack of merit and good faith in this argument.***

11. Defendants' next make the claim that they were absolved from appearing at Paine's deposition because the filing of their Motion for Protective Order on the Friday before the Monday deposition relieves the party of the obligation to appear, citing *Serrano v. Cintas Corp,* 699 F.3rd 884, 901 (6th Cir. 2012). The problem for Defendants, is that the *Serrano* decision does not stand for that proposition on page ninety-one (91), as cited by Defendants, or any other page. While the case does involve a Motion for Protective Order, it makes no analysis or holding whatsoever that the mere filing of a Motion for Protective Order relieves the party of the obligation to appear in the absence of court intervention. The Local Rules of the Southern District of Florida require the "prompt" filing of a Motion for Protective Order, for exactly the

reason that it would allow the Court to consider the issue prior to the date of obligation. Defendants cite no rule or case that ***actually*** stands for the proposition they seek for protection from their actions.

12. Finally, Defendants deny any conduct that is sanctionable as a violation of a Court order or other rule of procedure. Their failure to provide ***any*** discovery responsive to Plaintiffs' Request for Production, their willful failure to appear at a scheduled deposition, and all the other acts of misconduct in this case are sanctionable as they violate both the District Court and Magistrate Court Pre-Trial Orders and Federal and Local Rules of Procedure.

13. As to Defendants' arguments that Plaintiffs have not been prejudiced, it is absurd. This case is far into the discovery process, and discovery deadlines quickly approach. Plaintiff has been provided no documentary evidence, and have been unable to take critical depositions based upon Defendants' misconduct.

14. This Court should grant the Plaintiffs; Second Motion for Sanctions. [DE: 35]. Respectfully submitted this 7th day of February, 2025.

**Law Office of Richard D. Kibbey, P.A.**
Attorneys for Plaintiffs Daniel Porter & MRR
416 Camden Avenue
Stuart, FL 34994
Email: Kibbeylegal@gmail.com

**By: */S/ Richard D. Kibbey***
Richard D. Kibbey
Florida Bar #255149

**Jason M. Wandner, P.A.**
Attorneys for Plaintiffs Daniel Porter & MRR
100 Biscayne Blvd, #1600
Miami, FL 33132
Email: Jason@Wanderlaw.com
**By*: /S/ Jason M. Wandner***
Jason M. Wandner
Florida Bar #0114960

## CERTIFICATE OF SERVICE

*I HEREBY CERTIFY* that a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, on this 7th day of February, 2025, and that the foregoing document is being served this day on all counsel of record identified on the attached Service List, via transmission of Notices of Electronic Filing generated by CM/ECF:

                      **Christopher F. Lanza, P.A.**
                      Attorneys for Defendants Carl Allen
                      & Allen Exploration, LLC
                      290 NW 165th Street, P-600
                      Miami, FL 33169
                      Phone: (305) 956-9040
                      Email: cfl@lanzalaw.com