IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FT. PIERCE DIVISION

CASE NO. 24-14336-CIV-MARTINEZ/MAYNARD

DANIEL PORTER, *et al*.,

v.

CARL ALLEN, *et al*.,

_____/

## **DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Defendants Carl Allen and Allen Exploration, LLC ("Defendants"), by and through undersigned counsel, hereby move this Court for an order compelling Plaintiffs to produce documents that they have improperly withheld.  In support thereof, Defendants state as follows:

I.      **BACKGROUND**

1.      On January 2, 2025, Defendants served their Requests for Production of Documents to Plaintiffs.  *See* Exhibit A.

2.      On January 27, 2025, Plaintiffs served their Responses to Defendants' Requests for Production of Documents.  *See* Exhibit B.  Plaintiffs did not assert any objections to any of Defendants' requests.  Plaintiffs provided a Dropbox link containing more than 260 folders of documents organized by subject.  However, at least 240 of these folders were empty.

3.      Significantly, many of the documents produced were the same as those Plaintiffs previously requested from Defendants and are now the subject of Plaintiffs' pending Motion to Compel because Defendants objected to producing documents already in Plaintiffs' possession. *See* DE 29; DE 29-1 at ¶¶ 2, 3, 4, 10 and 11; DE 31 at 4.  Meanwhile, the 240 empty Dropbox folders formerly contained Defendants' confidential documents concerning the search for and recovery of artifacts from the shipwreck known as the *Maravillas*, which Plaintiffs have illegally

retained and blocked Defendants from accessing, but Plaintiffs had removed the documents. *See* DE 31. Many of these deleted documents, plus some Plaintiffs produced on January 27, 2025, are the same as those Plaintiffs demanded Defendants' witnesses produce at their depositions and then moved for sanctions after Defendants objected. *See* DE 32 at ¶¶ 11-14; DE 33-2 at 3, DE 33-3 at 2-3; DE 33-4 at 4.

4. On January 31, 2025, sent a meet and confer email to Plaintiffs' counsel, identifying the 240 empty Dropbox folders and requesting the production of the documents that had been removed from these folders. *See* Exhibit C.

5. On February 12, 2025, Defendants sent another meet and confer letter to Plaintiffs' counsel, identifying multiple deficiencies in their responses to Defendants' Requests for Production of Documents. *See* Exhibit D.

6. In response to these letters, Plaintiffs have ignored the deficiencies in their responses to Defendants' documents requests, promised to produce other documents "hopefully by the end of the week," and refused to produce other responses to discovery requests. *See* Exhibit E.

7. Plaintiffs' unwillingness to cooperate in discovery has stymied Defendants' efforts to comply with the Court's Scheduling Order and prepare this case for trial. Accordingly, Defendants move to compel Plaintiffs' full and complete responses to the following Requests for Production that Plaintiffs failed to respond to: 2, 5, 9, 10, 11, 14, 15, 16, 18, 22, 23, 25, 27 (incomplete), 30, 31 (incomplete), 34, 35, 37, 38, 39, 40, 41, 42, 43, 44, 45 and 48.

8. Although Plaintiffs responded that they had no documents that were responsive to request number 34 ("Any and all documents retained by Plaintiffs that are the property of Defendants"), *see* Ex. B at ¶ 2, the documents Plaintiffs produced on January 27, 2025 indicate

they are not telling the truth in this response.  Specifically, Defendants have repeatedly demanded that Plaintiffs return or destroy their database of confidential documents concerning the search for and recovery of artifacts from the shipwreck known as the *Maravillas*.  *See* DE 7 at ¶¶ 40-1 and DE 7-1.  However, the text messages between Plaintiff Dan Porter and the database manager, Terry Armstrong, reveal that Armstrong created a clone of the Defendants' database on October 27, 2024 ("*I have prepared a new clone of Aexdatabase named 'BSMdatabase'*"), and he locked out Defendants' access to the database on September 11, 2024, the day this lawsuit was filed ("*Logins secured*").  *See* DE 40-2 at 4 and 9.  Defendants respectfully move to compel the return of this database and the destruction of all copies retained by Plaintiffs and their agents and counsel.

9.     Plaintiffs have also failed to provide the full contents of WhatsApp discussions referenced in their documents produced.  Specifically, WhatsApp discussions with MRR Investor Group, Glenn Bridges, Autumn Kivora, Jack Myers, Jimmy Fox, Neal Albury, Mike McDowell, Art Schweizer, Tellis, Whitney Kenny, Michael Quatraro, and Kathy Quatraro have not been produced, despite being responsive to Defendants' requests.

## II.     ARGUMENT

### A.     Plaintiffs Have Failed to Comply with Their Discovery Obligations

Under Federal Rule of Civil Procedure 34, a party must produce all documents within its possession, custody, or control that are responsive to a properly served request.  Plaintiffs' refusal to produce responsive documents violates Rule 34 and necessitates Court intervention.  In this case, Plaintiffs have failed to respond to numerous requests for production and nearly 28 days have elapsed since their first response.

### B.     Plaintiffs' Justifications for Non-Production Are Insufficient

Plaintiffs untruthfully responded that they had either produced documents in response to Defendants' requests or they had no documents in response to Defendants' requests. Plaintiffs have not asserted any objections to these requests, nor have they sought a protective order excusing their compliance. Their failure to: (1) identify specific objections to each request; (2) timely supplement their responses as required by Fed. R. Civ. P. 26(e); and/or (3) provide a privilege log identifying any withheld materials, if applicable; suggests that their noncompliance is intentional and designed to obstruct Defendants' ability to defend against Plaintiffs' claims. Regardless of the reason(s), Defendants are being prejudiced by Plaintiffs' dilatory and evasive conduct.

## III.    REQUEST FOR RELIEF

For the foregoing reasons, Defendants respectfully request that the Court enter an Order:

1.    Compelling Plaintiffs to produce all responsive documents Defendants' Requests for Production Nos. 2, 5, 9, 10, 11, 14, 15, 16, 18, 22, 23, 25, 27, 30, 31, 34, 35, 37, 38, 39, 40, 41, 42, 43, 44, 45 and 48, within five (5) days;

2.    Compelling Plaintiffs to produce all of the documents contained in the database of Defendants' activities in the Bahamas since 2019, and the destruction of all copies of Defendants' confidential documents and other information retained by Plaintiffs, their agents and Plaintiffs' counsel;

3.    Awarding Defendants their reasonable attorneys' fees and costs incurred in filing this Motion pursuant to Federal Rule of Civil Procedure 37(a)(5); and

4.    Awarding any additional relief the Court deems just and proper, including potential sanctions for willful noncompliance.

## **L.R. 7.3(a)(3) Certification**

  I hereby certify I have conferred with all parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion, including by sending multiple letters and emails as described herein, but I have been unable to do so.

Dated: February 22, 2025.        Respectfully submitted,

                **CHRISTOPHER F. LANZA, P.A.**
                Attorneys for Defendants
                290 NW 165TH Street, P-600
                MIAMI, FL 33169
                PHONE: (305) 956-9040
                Email: cfl@lanzalaw.com

                By: */S/ Christopher F. Lanza*
                Christopher F. Lanza
                Florida Bar #996009

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true a correct copy of the foregoing was filed with the Court's CM/ECF electronic filing system on February 22, 2025, and that the foregoing document is being served this day on all counsel of record via the transmission of Notices of Electronic Filing generated by CM/ECF and/or electronic mail and unrepresented parties will be served by U.S. Mail or by other methods permitted by the Federal Rules of Civil Procedure.

**CHRISTOPHER F. LANZA, P.A.**
Attorneys for Defendants Carl Allen &
Allen Exploration, LLC
290 NW 165TH Street, P-600
MIAMI, FL 33169
PHONE: (305) 956-9040
FAX: (305) 945-2905
Email: cfl@lanzalaw.com

By: */S/ Christopher F. Lanza*
Christopher F. Lanza
Florida Bar #996009

Service List:

Law Office of Richard D. Kibbey, P.A.
Attorneys for Plaintiff
416 Camden Avenue
Stuart, FL 34994
Email: Kibbeylegal@gmail.com

Jason Wandner, P.A.
Attorneys for Plaintiff
100 Biscayne Blvd
#1600
Miami, FL 33132
Email: Jason@Wandnerlaw.com