# EXHIBIT D

LAW OFFICES OF
# CHRISTOPHER F. LANZA, P.A.
CITICENTRE, SUITE P-600
290 NORTHWEST 165TH STREET
MIAMI, FLORIDA 33169

DADE: (305) 956-9040
BROWARD: (954) 767-3399
FACSIMILE: (305) 945-2905

email: cfl@lanzalaw.com

_____

February 12th, 2025

Law Office of Richard D. Kibbey, P.A.    Via Email: Kibbeylegal@gmail.com
Attorneys for Plaintiff
416 Camden Avenue
Stuart, FL 34994

Jason Wandner, P.A.    Via Email: Jason@Wandnerlaw.com
Attorneys for Plaintiff
100 Biscayne Blvd #1600
Miami, FL 33132

## MEET AND CONFER LETTER -ATTEMPT TO RESOLVE MISSING / INCOMPLETE DISCOVERY

Dear Counsel:

Further to our emails and telephone conversations, and in accordance with the requirements of Magistrate Judge Maynard's Order Setting Discovery Procedures and Judge Martinez's Order Setting Civil Trial Date and Pretrial Schedule, Requiring Mediation, and Referring Certain Motions to Magistrate Judge (ECF No. 3 at ¶ 11), I am writing to you in a further effort to meet and confer concerning discovery deficiencies in Plaintiffs' responses to Defendants' requests for production of documents, which were compounded by misrepresentations in Plaintiffs' response to Defendants' motion for terminating sanctions. It is my sincere hope that we can efficiently resolve discovery disputes without the need for Court intervention. However, if we are not able to resolve these issues, Defendants will have no choice but to file motions to compel discovery and for sanctions.

**Plaintiffs' deficiencies are as follows:**

1.      Plaintiffs' Fed. R. Civ. P. 26(a)(1)(A)(i) disclosures were not provided in November 2024, as required by the rule, but one day before the Court's deadline to identify trial witnesses. Plaintiffs have never made their required disclosures under Fed. R. Civ. P. 26(a)(1)(A)(ii) or Fed. R. Civ. P. 26(a)(1)(A)(iii). These late and incomplete disclosures have materially prejudiced Defendants' ability to conduct discovery and gather evidence to rebut Plaintiffs' claims in its Complaint. Please correct these deficiencies by Friday February 14th, 2025.

2.      Plaintiffs' Fed. R. Civ. P. 26(a)(2) disclosures were incomplete. Specifically, the disclosures fail to comply with Fed. R. Civ. P. 26(a)(2)(B) and (C). Please correct these deficiencies by Friday February 14th, 2025.

3.      Contrary to the representations you made in Plaintiffs' response to Defendants' motion for terminating sanctions, Plaintiff has never fully produced the contents of his WhatsApp discussions. Specifically, WhatsApp discussions with the following individuals or groups were referenced or identified in the documents Plaintiffs produced on January 27, 2025, but they were not produced: MRR Investor Group, Glenn Bridges, Autumn Kivora, Jack Myers, Jimmy Fox, Neal Albury, Mike McDowell, Art Schweizer, Tellis, Whitney Kenny, Michael Quatraro and Kathy Quatraro. These discussions are responsive to Defendants' request for production numbers 2, 9, 10, 11, 16 and 28. Please produce these documents by Friday, February 14th, 2025.

4.      Plaintiff Daniel Porter's responses to Defendants' first set of interrogatories are not sworn in accordance with Fed. R. Civ. P. 33 and they are not complete. Response numbers 6, 10, 11, 13, 14, 15, 23 and 24 must be answered fully, in accordance with the instructions. Furthermore, it appears that Mr. Porter answered only in his individual capacity even though the interrogatories were served on both parties. For example, response number 25 says "I don't have information…" even though the information could be easily obtained from the relatively small number of MRR members identified in Exhibits 1 and 2. Please produce complete responses and these documents by Friday, February 14th, 2025.

5.      I previously wrote to you about more than 240 empty folders in the Dropbox link. Mr. Kibbey replied that he was going to inquire as to the missing documents, but I have not heard anything on this issue from either of you since.

6. Although Plaintiffs' response to Defendants' first requests for production of documents and Plaintiffs' response to Defendants' motion for terminating sanctions indicates Plaintiffs produced documents in response to the following requests, they actually did not: 2, 5, 9, 10, 11, 14, 15, 16, 18, 22, 23, 25, 27 (incomplete), 30, 31 (incomplete), 34, 35, 37, 38, 39, 40, 41, 42, 43, 44, 45 and 48. Although your client responded that Plaintiffs' had no documents that were responsive to request number 34, the documents you produced on January 27, 2025 indicate that Mr. Porter is not telling the truth in this response. Please produce complete responses and all the requested documents by Friday.

Sincerely,

**CHRISTOPHER F. LANZA, P.A.**

*Christopher F. Lanza*

Christopher F. Lanza, Esquire
for the Firm.