UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

Case Number: 24-14336-CIV-MARTINEZ-MAYNARD

DANIEL PORTER, *et al.*,

    Plaintiffs,

v.

CARL ALLEN, *et al.*,

    Defendants.

_____/

## ORDER GRANTING MOTION TO TRANSFER VENUE

**THIS CAUSE** came before this Court on Defendants' Motion to Transfer Venue to the United States District Court for the Northern District of Texas, Dallas Division ("Motion"), (ECF No. 12). The Court has considered the Motion, Plaintiffs' Response, (ECF No. 13), Defendants' Reply, (ECF No. 17), relevant portions of the record, applicable case law, and is otherwise fully advised of the premises. After careful consideration, for the reasons stated herein, Defendants' Motion is **GRANTED**.

## BACKGROUND

This matter arises out of a business relationship between the parties in which Plaintiffs were contracted by Defendants to assist in efforts to search for and recover artifacts from the shipwreck of the *Maravillas*, a Spanish galleon sunk in the Bahamas in 1656. (ECF No. 1-6, ¶¶ 11, 28-35.) The parties entered into two contracts governing their business relationship, a "Services Agreement" (ECF No. 1-7), and a separate "Confidentiality Agreement" (ECF No. 7-1). Plaintiffs recovered millions of dollars of artifacts over the course of three years. (ECF No. 1-6, ¶¶ 36-37.) Both agreements contain mandatory choice of law and choice of venue provisions expressly

providing for the application of Texas law and the exclusive venue for any disputes arising from the agreements to be in the state or federal courts in Dallas County, Texas. (ECF No. 1-7; ECF No. 7-1.)

The Services Agreement states:

> 8(b) "Governing Law; Exclusive Jurisdiction; Waiver of Jury Trial" This Agreement and all acts and transactions pursuant hereto and the rights and obligations of the parties hereto will be governed, construed and interpreted in accordance with the laws of the State of Texas, without giving effect to principles of conflicts of law. Each party to this Agreement (a) hereby **irrevocably submits to the exclusive jurisdiction of the state and federal courts located in Dallas County, Texas** for the purposes of any suit, action or proceeding arising out of or relating to this Agreement or any of the transactions contemplated hereby, and (b) hereby waives and agrees not to assert in any such suit, action or proceeding, any claim that it is not personally subject to the jurisdiction of such court, that the suit, action or proceeding is brought in an inconvenient forum or that the venue of the suit, action or proceeding is improper.

(ECF No. 1-7) (emphasis added).

The Confidentiality Agreement states:

> 8. Governance. This letter agreement shall be governed by, and construed in accordance with, the laws of the State of Texas without giving effect to the principles of conflict of laws thereof. Each Party hereby **irrevocably and unconditionally consents to personal jurisdiction in, and agrees that exclusive venue for any action to enforce the provisions of this letter agreement shall be properly laid in, any federal or state court located in Dallas County, Texas**, and service of any process, summons, notice or document by U.S. registered mail to its address set forth below shall be effective service of process for any action, suit or proceeding brought against such Party in any such court. Neither Party shall plead or claim that any such action, suit or proceeding has been brought in an inconvenient forum, and neither Party shall commence any action, suit or proceeding in connection with this letter agreement and the transactions contemplated hereby except in such courts.

(ECF No. 7-1) (emphasis added).

Despite these choice of law and venue provisions, Plaintiffs initially brought suit against Defendants in the Circuit Court of the Nineteenth Judicial Circuit in and for Martin County, Florida for breach of contract, fraud in the inducement, unjust enrichment, quantum meruit, replevin, and defamation, all resulting from a breakdown in the parties' business relationship and related to their business agreements. (ECF No. 1-6.) Shortly thereafter, Defendants filed their Notice of Removal to this Court pursuant to 28 U.S.C. § 1446(b), alleging this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (ECF No. 1.) In doing so, Defendants reserved their rights as to "any objections, defenses, obligations, or exceptions they may have as to service, jurisdiction or venue, or any other matter." (ECF No. 1.)

Defendants subsequently filed the instant Motion to Transfer, arguing that according to the plain language of both agreements, jurisdiction and venue properly lie in Dallas County, Texas. (ECF No. 12.) Plaintiffs argue against the Motion to Transfer for a multitude of reasons: (1) no valid written contract exists governing where venue lies on contract issues; (2) the Confidentiality Agreement does not govern the breach of contract claims; (3) Defendants waived the forum selection clause by filing a counterclaim; (4) the addition of a counterclaim does not confer a right to transfer the entire case to Texas; (5) the "first to file" rule trumps Defendants' ability to "use a counterclaim to transfer a local case to Texas," (6) Defendants' counterclaim should be dismissed on a motion for partial summary judgment; (7) the agreements' requirement that litigation be resolved "nonjury" "cannot extinguish the Plaintiffs' constitutional rights to a trial by jury on their claims;" and (8) Defendants' violation of Local Rule 7.1(a)(3) by failing to confer with opposing counsel prior to filing "merits a denial of the motion, and an award of costs and attorneys; [*sic*] fees to Plaintiffs."

## **LEGAL STANDARD**

There are only two grounds to defeat a forum-selection clause in a contract: (a) the contract itself is invalid; or (2) "public-interest factors" mitigate against transfer. *Atlantic Marine Construction Co. v. United States District Court for Western District of Texas*, 571 U.S. 49 (2013). "Forum selection clauses are presumptively valid and enforceable unless the plaintiff makes a strong showing that enforcement would be unfair or unreasonable under the circumstances." *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009). "A forum-selection clause will be invalidated when: (1) its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy." *Id.*

The "appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Atl. Marine Const. Co. v. U.S. Dist. Court for the W. Dist. of Texas*, 134 S. Ct. 568, 580 (2013). "When faced with such a motion based on a valid forum-selection clause, however, the calculus is substantially adjusted to recognize that such a clause should be 'given controlling weight in all but the most exceptional cases.'" *Turner v. Sedgwick Claims Mgmt. Servs., Inc.*, No. 7:14-CV-1244-LSC, 2015 WL 225495, at *4 (N.D. Ala. Jan. 16, 2015) (quoting Atl. Marine, 134 S. Ct. at 581). "[T]he plaintiff's choice of forum merits no weight." *Atl. Marine*, 134 S. Ct. at 581. "Rather, as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id.* Moreover, a court should "not consider arguments about the parties' private interests." *Id.* at 582. "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their

4

witnesses, or for their pursuit of the litigation." *Id.* "As a consequence, a district court may consider arguments about public-interest factors only." *Id.* Because "these factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual circumstances." *Id.*

## ANALYSIS

First, this Court must look to the language of the clause itself to determine if a claim falls within the scope of the forum-selection clause. *Bahamas Sales Associate, LLC v. Byers*, 701 F.3d 1335, 1340 (11th Cir. 2012). "Under general contract principles, the plain meaning of a contract's language governs its interpretation." *Slater v. Energy Servs. Grp. Int'l, Inc.*, 634 F.3d 1326, 1330 (11th Cir. 2011). "A forum-selection clause stating applicability to 'any case or controversy arising under or in connection with this Agreement' should be interpreted as encompassing 'all causes of action arising directly or indirectly from the business relationship evidenced by the contract.'" *Reed, v. Royal Caribbean Cruises Ltd.*, No. 20-CV-24979-RAR, 2021 WL 4307048, at *9 (S.D. Fla. Sept. 22, 2021) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 810 F.2d 1066, 1070 (11th Cir. 1987), *aff'd*, 487 U.S. 22 (1988)). Indeed, the forum-selection clause within the Services Agreement provides that the parties "irrevocably submit[] to the exclusive jurisdiction of the state and federal courts located in Dallas County, Texas *for the purposes of any suit, action or proceeding arising out of or relating to this Agreement.* (ECF No. 1-7) (emphasis added). The Confidentiality Agreement provides that the parties "irrevocably and unconditionally [. . .] agree[] that exclusive venue for any action to enforce the provisions of this letter agreement shall be properly laid in, any federal or state court located in Dallas County, Texas [. . . .] Neither Party shall plead or claim that any such action, suit or proceeding has been brought in an inconvenient forum, and *neither Party shall commence any action, suit or proceeding in connection with this*

5

*letter agreement and the transactions contemplated hereby except in such courts*. (ECF No. 7-1) (emphasis added).

Plaintiffs argue that while the Services Agreement "does contain a forum-selection clause," it is no longer valid or enforceable due to a termination clause. (ECF No. 13.) However, courts have consistently rejected the notion that termination of an agreement necessarily extinguishes its forum-selection clause. *Sensify United States, Inc. v. Intelligent Telematics N. Am., Inc.*, 2017 U.S. Dist. LEXIS 64849, *4-6 (S.D. Fla. Apr. 28, 2017). "While contractual obligations may expire upon the termination of a contract, provisions that are structural (e.g., relating to remedies and the resolution of disputes) may survive that termination." *Silverpop Sys., Inc. v. Leading Mkt. Techs., Inc.*, 641 F. App'x 849, 857 (11th Cir. 2016) (including forum-selection clauses as an example of a structural provision that can survive termination); *see also United States & Hamilton Roofing, Inc. v. Cincinnati Ins. Co.*, 2022 U.S. Dist. LEXIS 100949, *7-8 (N.D. Fla. Mar. 25, 2022) (finding that forum-selection clause survived termination of subcontractor agreement absent any terms to the contrary).

Here, nothing within the Services Agreement expressly invalidates the forum selection clauses upon termination. (ECF No. 1-7.) Plaintiffs' argument that because the agreement does not contain a "savings" or "survival" clause, the Court should imply that the forum selection clause does not survive the agreement's termination, is of no moment. *See Sensify*, 2017 U.S. Dist. LEXIS 64849 at *5-6 (rejecting plaintiff's argument that the exclusion of the forum-selection clause from the "survival" clause implies it did not survive the agreement's termination where there was no "clear intent that, upon termination of the agreement, the forum-selection clause would cease to apply to claims arising under the agreement.").

The merits of Plaintiffs' argument that the Confidentiality Agreement does not govern the breach of contract claims need not be addressed as that argument is immaterial where the choice of venue provision within the Services Agreement is valid and applicable.

Plaintiffs next argue that Defendants waived the forum selection clause by filing a counterclaim. (ECF No. 13.) This Court disagrees. Where a party has not acted inconsistent with the terms of the forum selection clause by moving to transfer or asserting the defense without delay, no waiver will be found. *See Storm Damage Sols., LLC v. RLI Ins. Co.*, 2023 U.S. Dist. LEXIS 206286, *13-14 (S.D. Fla. Nov. 17, 2023) (finding "under a totality of the circumstances, that the defendant had not "waived its right to contest venue by actively participating in this litigation" in federal court). The Eleventh Circuit has instructed that when assessing whether a party has waived its right to invoke a forum selection clause, we should apply the same waiver standard that we use in the arbitration clause context: (1) whether the party seeking arbitration substantially participated in the litigation to a point inconsistent with an intent to arbitrate, and (2) whether that participation prejudiced the opposing party. *Burch v. P.J. Cheese, Inc.*, 861 F.3d 1338, 1350 (11th Cir. 2017). Here, the Court does not find that Defendants' addition of a counterclaim is akin to "substantial participation" to a point inconsistent with an intent to transfer based on the forum selection clause, nor did the participation prejudice Plaintiffs.

Plaintiffs' argument that "[t]he Court should either dismiss, stay, consolidate the counterclaim, or transfer only the counterclaim to Texas" is unsupported by any relevant authorities or analysis, and this Court will not make Plaintiffs' arguments for them. (ECF No. 13.)

Next, Plaintiffs argue the "first to file" rule trumps Defendants' ability to "use a counterclaim to transfer a local case to Texas." (ECF No. 13.) However, the court need not accord any deference to the first-filed forum where a forum-selection clause is applicable. *In re Ricoh*

*Corp.*, 870 F.2d 570, 573 (11th Cir. 1989) ("[s]uch deference to the filing forum would only encourage parties to violate their contractual obligations, the integrity of which are vital to our judicial system"). Where a forum-selection clause is at issue, a plaintiff's choice of forum merits no weight, and the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted. *Atlantic Marine*, 571 U.S. at 63; *Hisey v. Qualtek USA, LLC*, 753 F. App'x 698, 703 (11th Cir. 2018).

The Court declines to entertain Plaintiffs' next argument that Defendants' counterclaim is subject to dismissal on a motion for partial summary judgment because Plaintiffs have not filed any such motion for partial summary judgment. Accordingly, that issue is not before this Court and the Court will not speculate as to the result of a hypothetical motion and ruling.

Similarly, it is unclear how Plaintiffs' argument regarding the nonjury clause within the Confidentiality Agreement relates to the present Motion to Transfer. Defendants' Motion to Transfer does not seek a ruling from this Court on whether the matter will be tried nonjury, and Plaintiffs do not establish how the issue is relevant to the Motion to Transfer. (ECF Nos. 12, 13.)

Plaintiffs also argue that Defendants' Motion should be denied, and Plaintiffs should be awarded costs and attorneys' fees, because Defendants violated of Local Rule 7.1(a)(3) by failing to confer with opposing counsel prior to filing the Motion. (ECF No. 13.) However, a district court has discretion to waive or excuse noncompliance with its local rules. *See Fluor Intercontinental, Inc. v. Johnson Controls, Inc.*, 533 Fed. Appx. 912, 922 n.35 (11th Cir. 2013). Shortly after filing the Motion, Defendants' counsel discussed the Motion with Plaintiffs' counsel in a good faith effort to resolve by agreement the issues raised in the motion. (ECF No. 17.) The Court does not find that Defendants' counsel's failure to confer prior to filing the Motion warrants denial of the Motion or costs and attorneys' fees under these circumstances.

As for Plaintiffs' argument that the interests of justice require the case remain in Florida, the Court finds the public interests do not favor defeating the valid forum selection clause. As the Supreme Court has clearly held, public interest factors will rarely defeat a transfer motion, and the practical result is that forum-selection clauses should control except in unusual circumstances. *Atlantic Marine*, 571 U.S. at 63-64. Moreover, "[a]s the party acting in violation of the forum-selection clause, [Plaintiffs] must bear the burden of showing that public-interest factors overwhelmingly disfavor a transfer." *Id*. Plaintiffs have not shown that the public interest factors overwhelmingly disfavor a transfer.

Lastly, Plaintiffs argue that their defamation claim is not subject to the forum selection clause and that Florida is the proper venue for that claim. (ECF No. 13.) However, as Defendants correctly note in opposition, the authorities provided by Plaintiffs in support of this argument are distinguishable, as they do not involve a forum selection clause. A forum selection clause may apply to a tort where the tort claim relates to the terms of the contract. *Loomer v. Facebook, Inc.*, 2020 U.S. Dist. LEXIS 99430, *8 (S.D. Fla. April 13, 2020) The Eleventh Circuit interprets forum-selection clauses containing the words "arising out of" to broadly cover "all causes of action arising *directly or indirectly* from the business relationship evidenced by the contract." *See Stewart Org., Inc. v. Ricoh Corp.*, 810 F.2d 1066, 1070 (11th Cir. 1987) (emphasis added). Here, the forum selection clause contains the words "arising out of" and is therefore construed broadly. Plaintiffs' defamation claim arises indirectly from the business relationship evidenced by the contract containing a forum selection clause. Accordingly, Plaintiffs' claim for defamation may be transferred as well, and certainly does not prevent the transfer of the remainder of the claims.

For the foregoing reasons, this Court finds transfer of this case to the United States District Court for the Northern District of Texas, Dallas Division is warranted and appropriate pursuant to the parties' agreements and valid and enforceable forum selection provisions.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. The Motion, (ECF No. 12), is **GRANTED**.

2. The Clerk is **DIRECTED** to **TRANSFER** and **REASSIGN** this case in its entirety to the United States District Court for the Northern District of Texas, Dallas Division.

3. The Clerk is **DIRECTED** to **CLOSE** this case in the Southern District of Florida and **DENY** all pending motions as **MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 26 day of March, 2025.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All Counsel of Record
Magistrate Judge Shaniek Mills Maynard